# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

```
-------------------------------------------------- x
In re:                               :    Chapter 11
                                     :
John Joseph Louis Johnson, III,      :    Case No. 2:14-bk-57104
                                     :
                Debtor.              :    Judge John E. Hoffman, Jr.
                                     :
-------------------------------------------------- x
```

**APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING DEBTOR AND DEBTOR-IN-POSSESSION TO RETAIN AND EMPLOY HAHN LOESER & PARKS LLP AS COUNSEL, <u>NUNC PRO TUNC AS OF THE PETITION DATE</u>**

John Joseph Louis Johnson III, an individual ("<u>Debtor</u>" or "<u>Johnson</u>"), by and through his undersigned counsel, hereby applies (the "<u>Application</u>"), pursuant to sections 327(a) and 329(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2014(a), 2016(b) and 6003(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for the entry of an order authorizing Debtor to retain and employ Hahn Loeser & Parks LLP ("<u>Hahn Loeser</u>") as counsel in this chapter 11 case (the "<u>Case</u>").  In support of this Application, Debtor submits the *Verified Declaration of Daniel A. DeMarco in Support of the Debtor's Application, Pursuant to Section 327(a) and 329(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016(b) and 6003(a), Authorizing Debtor to Retain and Employ Hahn Loeser & Parks LLP as Counsel, Nunc Pro Tunc as of the Petition Date* (the "<u>DeMarco Declaration</u>"), a copy of which is attached hereto as <u>Exhibit A</u>, and respectfully represents as follows:

## <u>JURISDICTION</u>

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334.  Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 327(a) and 329(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016(b) and 6003(a).

## BACKGROUND

4.      On October 7, 2014 (the "Petition Date"), Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.      No trustee, examiner or official committee of unsecured creditors has been appointed.

### *Events Leading to the Chapter 11 Filing*

**A.      Johnson Finds Success As A Professional Hockey Player.**

**6.**      Johnson was born in 1987 in Indianapolis, Indiana.  In July 2005, following two years with the USA Hockey National Team Development Program, Johnson was selected third overall by the Carolina Hurricanes of the National Hockey League (NHL) in the 2005 NHL Entry Draft.  After a year playing Division I NCAA hockey at the University of Michigan in the Central Collegiate Hockey Association, Johnson's rights were traded to the Los Angeles Kings in September 2006.  Johnson would play another year at Michigan before signing his first professional contract with the Kings in March 2007.

**7.**      On January 8, 2011, a mere four years into a successful career with the Los Angeles Kings, Johnson signed a new Player Contract, a $30.5 million, seven-year extension with the Kings.

**8.**      In February 2012, Johnson was traded to the Columbus Blue Jackets, after five seasons in Los Angeles with the Kings.  In addition to his success in the NHL, Johnson has represented the United States on the international stage multiple times, most notably playing for Team USA at the 2010 Winter Olympics in Vancouver.

B.      **Johnson's Trust In His Family And Accomplishments Makes Him Prey.**

9.      The life of a professional hockey player involves frequent travel, intense competition, and rigorous training.  The NHL is widely considered to be the premier professional ice hockey league in the world and one of the major North American professional sports leagues.  The hockey season (including pre-season games) generally runs from September through April each year, with the playoffs extending into June.  During the regular season, each of the thirty teams in the NHL play an 82 game season which determines its standing.  The Stanley Cup, the oldest professional sports trophy in North America, is awarded annually to the league playoff champion at the end of each season.

10.     Johnson's life and schedule as a professional athlete made it difficult for him to manage his financial affairs on a day to day basis.  Furthermore, as a young player with his first professional contract in 2007, Johnson lacked experience in money management, investments or loan transactions.

11.     Well aware, however, that his career as a professional athlete would very likely not extend the 20 or 30 years of a more typical career, Johnson wanted his earnings invested carefully with an eye to making that money last for his lifetime.  Johnson's mother and father managed his financial affairs from the time he was a minor and throughout his professional career.

C.      **Purported Creditors Take Advantage Of Johnson.**

12.     The filing of this Case precipitated from a course of egregious, unethical and wrongful conduct by his financial advisors and certain purported creditors in a systematic, deliberate and predatory lending and investment scheme whereby they lined their own pockets at the expense and detriment of Johnson.

13.     Beginning in or about early 2011 and through 2013, unbeknownst to Johnson, his advisors and certain purported creditors brokered a series of unconventional loans to Johnson's advisor, making Johnson the obligor and pledging his $30.5 million NHL Player Contract as security.   Plain and simple, the purported creditors entered into these extraordinarily unconscionable and usurious loans without taking any reasonable steps to ensure that Johnson was personally aware of the transactions, that he authorized them, or that he would benefit from them.   Johnson knew nothing about these loans and to his knowledge personally received no monies.

14.     In order to facilitate the making of such predatory loans and investments, his advisors and certain purported creditors fraudulently conspired to acquire from Johnson certain powers of attorney.   Many of the underlying loan documents from the debt at issue were executed pursuant to (1) fraudulently induced powers of attorney;(2) under circumstances where Johnson was provided only the signature page of a particular loan document; or (3) where someone else fraudulently signed the document without his knowledge or authority.  .

15.     Certain purported creditors and his advisors, knew that Johnson was a professional hockey player and was not overseeing these transactions.

16.     The purported creditors, brokers and investors learned from their dealings with Johnson's advisors that Johnson and his advisors were not sophisticated financial managers and had no formal training in the management of financial affairs, loans, investments or banking in general.   Nevertheless, they preyed upon Johnson.   Unbeknownst to Johnson, the purported creditors convinced Johnson's advisors that unconventional loans with hidden exorbitant usury rates of interest, in at least one instance in excess of 42%, fees, and charges secured by Johnson's $30.5 million NHL Player Contract were the best financial vehicles to procure monies to

purchase both real and personal property for primarily his advisors and creditors' benefit and use.

17.    The purported advisors and creditors took advantage of Johnson and, for that matter, his  advisors' financial inexperience and naiveté to use Johnson's money without telling him.

18.    As a result of the predatory lending and investment schemes, Johnson now purportedly owes in excess of $12 million and has been named as a defendant in numerous lawsuits seeking to collect on these predatory loans and investments.

19.    The cost to defend such litigation and make payments pursuant to certain garnishment orders and onerous settlement agreements obtained by the purported creditors and agreed to by his advisors created a liquidity crisis for Johnson necessitating his petition for relief under Chapter 11 of the Bankruptcy Code.

## RELIEF REQUESTED

20.    By the Application, Debtor, pursuant to sections 327(a) and 329(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016(b) and 6003(a), seeks to employ and retain Hahn Loeser & Parks LLP as his counsel in the Case, *nunc pro tunc* as of the Petition Date.

## BASIS FOR RELIEF REQUESTED

21.    Pursuant to section 327(a) of the Bankruptcy Code, a debtor-in-possession is authorized to employ professional persons.

22.    The Debtor may employ disinterested persons,[1] to represent or assist the [debtor-in-possession] in carrying out [its] duties under this title." 11 U.S.C. §327(a).  Section 1107(b) of the Bankruptcy Code modifies sections 101(14) and 327(a) of the Bankruptcy Code in cases under Chapter 11 of the Bankruptcy Code, providing that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. §1107(b).

23.    As required by Bankruptcy Rule 2014(a),[2] this Application and the DeMarco Declaration, set forth: (a) the specific facts showing the necessity for Hahn Loeser's employment; (b) the reasons for Debtor's selection of Hahn Loeser as his restructuring counsel in connection with the Case; (c) the professional services to be provided by Hahn Loeser; (d) the arrangement among Debtor and Hahn Loeser with respect to Hahn Loeser's compensation (as well as the reasonableness thereof); and (e) to the best of Debtor's knowledge, the extent of Hahn Loeser's connections, if any, to certain parties in interest in the Case.

---

[1]    Section 101(14) of the Bankruptcy Code defines the phrase "disinterested person" as:
a person that –
(A)    is not a creditor, an equity security holder, or an insider;
(B)    is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C)    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. §101(14).

[2]    Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:
Shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, and other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed.R.Bankr.P. 2014(a).

24.     As required by Bankruptcy Rule 6003, Debtor does not seek the entry of any order authorizing the retention of a professional within twenty-one (21) days of the Petition Date.[3]  Rather, Debtor requests that the Court enter an order granting the relief requested herein on or after twenty-one (21) days from the Petition Date *nunc pro tunc* as of the Petition Date.

### *Selection of Hahn Loeser*

25.     Debtor selected Hahn Loeser as his general bankruptcy counsel because Hahn Loeser has substantial experience and expertise in chapter 11 cases involving individuals, business entities, as well as in the practice areas of sports law, corporate law, litigation, employee benefits, real estate, secured lending, finance, taxation and other fields that may be required by Debtor in the Case.  Hahn Loeser has the resources necessary to manage a chapter 11 case of this size, complexity and scope.   Hahn Loeser has represented debtors, creditors, purchasers, and other parties in interest before courts in the Sixth Circuit and in numerous other jurisdictions throughout the country.

26.     For these reasons, Debtor believes that Hahn Loeser possesses the requisite expertise to serve as his general bankruptcy counsel in the Case, and can do so in an efficient and cost-effective manner.

### *Services to be Provided by Hahn Loeser*

27.     The employment of Hahn Loeser is necessary to assist Debtor in executing faithfully his duties as debtor-in-possession and implementing the reorganization of Debtor's financial affairs.   Subject to further order of this Court, the professional services that Hahn

---

[3]     Bankruptcy Rule 6003 provides:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following:
> (a)     an application under Rule 2014;
> (b)     a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001; and
> (c)     a motion to assume or assign an executory contract or unexpired lease in accordance with §365.

Fed. R. Bankr. P. 6003.

Loeser may render to Debtor as general bankruptcy counsel, as Debtor may request from time to time, include, without limitation:

a.    advising Debtor of his powers and duties as debtor-in-possession in the continued operation of his businesses and management of his properties;

b.    assisting, advising and representing Debtor in his consultations with creditors regarding the administration of the Case;

c.    providing assistance, advice and representation concerning the preparation and negotiation of a plan of reorganization and disclosure statement and any asset sales or other transactions proposed in connection with the Case;

d.    providing assistance, advice and representation concerning any investigation of assets, liabilities and financial condition of Debtor that may be required;

e.    representing Debtor at hearings on matters pertaining to his affairs as debtor-in-possession;

f.    prosecuting and defending litigation matters and such other matters that might arise during and related to the Case, except to the extent that Debtor has employed or hereafter seeks to employ special litigation counsel;

g.    providing counseling and representation with respect to the assumption and rejection of executory contracts and leases and other bankruptcy-related matters arising from the Case;

h.    rendering advice with respect to general business and litigation issues relating to the Case, including, but not limited to, and finance, real estate, tax and related matters;  and

i.    performing such other legal services as may be necessary and appropriate for the efficient and economical administration of the Case.

28.    After due consideration and deliberation, Debtor has concluded that his interests and the interests of his estate and creditors will be best served by the retention of Hahn Loeser, as counsel to Debtor, to render such legal services as are necessary and appropriate in connection with the matters set forth above and to render such additional legal services as may be required from time to time during the pendency of the Case.

29.    Subject to the Court's approval of this Application, Hahn Loeser has indicated willingness to serve as Debtor's counsel and to perform the services described above.

### *Professional Compensation*

30.     In connection with the prepetition retention by Debtor, Hahn Loeser received payments in the amount of $115,000.00 on or before October 7, 2014.  Further, as of the Petition Date, Hahn Loeser holds a Retainer in the amount of $15,00.00. Hahn Loeser will request that the Retainer be applied to compensation as permitted by this Court from time to time.  To cover his filing fee, Debtor also authorized Hahn Loeser to use $1,717.00 of the Retainer for the filing fee.  Upon approval of this Application, Hahn Loeser hereby waives charges for any fees or expenses incurred before the Petition Date not directly related to the filing of the petition to the extent allowance of such fees accords with custom and practice.

31.     Hahn Loeser's fees for professional services are based upon its standard hourly rates, which are periodically adjusted.  Debtor, subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, applicable Bankruptcy Rules, and the Orders and Local Bankruptcy Rules of this Court, proposes to pay Hahn Loeser its customary hourly rates in effect from time to time as set forth in the DeMarco Declaration, plus reimbursement of actual, necessary expenses incurred by Hahn Loeser in the course of the representation.  Debtor is advised that the hourly rates set forth below are subject to periodic increases in the normal course of the firm's business, often due to increased experience of a particular professional.  Hahn Loeser will give notice to Debtor and the Court of any such periodic increases.

32.     Debtor anticipates that the following Hahn Loeser attorneys and staff primarily will assist and represent Debtor in his case:

| Attorney | Fee (per hour) |
| --- | --- |
| Marc J. Kessler | $505.00 |
| Daniel A. DeMarco | $550.00 |
| Shannon M. Byrne | $240.00 |
| Colleen M. Beitel (paralegal) | $230.00 |

33.     These are Hahn Loeser's hourly rates for work of this nature and are subject to periodic adjustments to reflect economic and other conditions, although Hahn Loeser will provide notice to Debtor before any upward adjustments.   Debtor understands that other attorneys, paralegals, and staff at Hahn Loeser may serve the Debtor at similar rates from time to time in connection with the Case.

| Range of Rates | Fees (per hour) |
|---|---|
| Partners | $640-$335 |
| Associates | $365-$225 |
| Paralegals | $230-$160 |

34.     Consistent with the firm's policy with respect to its other clients, Hahn Loeser will continue to charge Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services.   These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials, hearings, and other proceedings with may arise from time to time in the Case.   Charges and disbursements will comply with the United States Trustee's guidelines for fees and disbursements for professionals in Southern District of Ohio bankruptcy cases.   Hahn Loeser presently charges $.18 per page for photocopies.

35.     Hahn Loeser intends to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in the Case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Orders and Local Bankruptcy Rules of this Court.

### _Disinterestedness of Professionals_

36.     Hahn Loeser has undertaken a detailed database and electronic search to determine, and to disclose, whether it represents or has represented any significant creditors,

insiders of Debtor and other parties in interest.  In connection with its proposed retention by the

Debtor in the Case, Hahn Loeser conducted a search of its client database to determine whether it

had any relationships with any of the material parties in interest (the "Interested Parties") in the

Case.  This review indicates that Hahn Loeser does not represent and has not previously

represented any of the Interested Parties.

37.     Specifically, to check and clear potential conflicts of interest in the Case, Hahn

Loeser reviewed lists provided by Debtor and compared it to its client database to determine

whether it had any relationships with the following entities, if known:

    a.     Debtor;

    b.     the twenty (20) largest unsecured creditors of the Debtor and any other
entities that Hahn Loeser could readily identify as having a potential
conflict of interest with Debtor;

    c.     parties to significant litigation with Debtor;

    d.     Debtor's accountants and other major professionals;

    e.     Alleged secured creditors of Debtor; and

    f.     unsecured creditors.

As of the filing of this Application, such research indicated that except as described herein and in

the DeMarco Declaration, Hahn Loeser has not represented, nor does it currently represent, any

of the foregoing entities in matters related or unrelated to the Case.

38.     To the best of Debtor's knowledge, information and belief, and based upon the

database search described above, other than as described below, Hahn Loeser neither represents

nor holds any interest materially adverse to the interest of Debtor's estate by reason of any

relationship or connections with or interest in Debtor or any of his creditors or any party in

interest in the Case, and is therefore "disinterested" as such term is defined in section 101(14) of

the Bankruptcy Code.  Hahn Loeser has no present connections with the United States Trustee in

the Case or any person employed in the Office of the United States Trustee.  No person who is a

member or associate of Hahn Loeser is a relative of any judge of the United States Bankruptcy Court for the Southern District of Ohio or the Office of the United States Trustee for Region IX. Furthermore, no person who is a member or associate of Hahn Loeser is or has been connected with any judge of such Court or such United States Trustee so as to render the employment of Hahn Loeser improper as set forth in Rule 5002 of the Federal Rules of Bankruptcy Procedure. Except as set forth in the DeMarco Declaration, and based upon the database search described above, Hahn Loeser is not aware of the representation of any other entity that is a creditor of Debtor, other than U.S. Bank, which it represents from time to time but which it has not represented in any matter in connection with the Debtor.

39.     Hahn Loeser is conducting a continuing inquiry into any matters which would affect the firm's disinterested status, and Mr. DeMarco will file promptly a supplemental declaration setting forth the results of that inquiry if additional disclosure is required.

## NOTICE

40.     Notice of this Application has been given to (i) the office of the United States Trustee for Region IX; (ii) the secured creditors of the Debtor; and (iii) each of the creditors identified on the Debtor's list of twenty (20) largest unsecured creditors.  The Debtor submits that, under the circumstances, no other or further notice need be given.

## NO PRIOR REQUEST

41.     No prior request for the relief sought in this Application has been made to this or any other Court.

## <u>CONCLUSION</u>

WHEREFORE, Debtor respectfully requests entry of an order substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

<u>/s/ John Joseph Louis Johnson, III (see attached signature)</u>
John Joseph Louis Johnson, III
Debtor and Debtor-in-Possession

## CONCLUSION

WHEREFORE, Debtor respectfully requests entry of an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.


John Joseph Louis Johnson, III
Debtor and Debtor-in-Possession

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

```
------------------------------------------------------ x
In re:                                  :    Chapter 11
                                        :
John Joseph Louis Johnson, III,         :    Case No.
                                        :
                   Debtor.              :    Judge
                                        :
------------------------------------------------------ x
```

**VERIFIED DECLARATION OF DANIEL A. DEMARCO IN SUPPORT OF**
**APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER**
**AUTHORIZING DEBTOR AND DEBTOR-IN-POSSESSION TO RETAIN AND**
**EMPLOY HAHN LOESER & PARKS LLP AS COUNSEL,**
***NUNC PRO TUNC* AS OF THE PETITION DATE**

```
STATE OF OHIO              )
                          )   ss:
COUNTY OF CUYAHOGA         )
```

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Daniel A. DeMarco declares:

1.      I am an attorney at law admitted to practice before this Court.  I am a partner with

the law firm of Hahn Loeser & Parks LLP ("Hahn Loeser") with offices at 200 Public Square,

Suite 2800, Cleveland, Ohio 44114, and I am duly authorized to make the following declaration

(the "Declaration") on behalf of Hahn Loeser.  I am licensed to practice law in the Southern

District of Ohio.  I make this Declaration in support of the *Application of Debtor and Debtor-in-*

*Possession for Order Authorizing Debtor and Debtor-in-Possession to Retain and Employ Hahn*

*Loeser & Parks LLP as Counsel, Nunc Pro Tunc as of the Petition Date* (the "Application")[1] for

entry of an order authorizing Debtor to retain and employ Hahn Loeser as counsel, and for the

purpose of fulfilling the disclosure requirements of Federal Rules of Bankruptcy Procedure

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

6886112.1

2014(a) and 2016(b).  Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

### *Qualifications of Professionals*

2.      Hahn Loeser maintains an office at 65 East State Street, Suite 1400, Columbus, Ohio 43215.  It also maintains offices in Akron, Ohio; Cleveland, Ohio; Indianapolis, Indiana; Naples, Florida; Fort Myers, Florida; and San Diego, California.

3.      Hahn Loeser possesses the requisite experience and expertise in Chapter 11 cases involving individuals, business entities, as well as in the practice areas of sports law, corporate law, litigation, employee benefits, real estate, secured lending, finance, taxation and other fields that may be required by Debtor in the Case.  Hahn Loeser has the resources necessary to manage a Chapter 11 case of this size, complexity and scope.  Hahn Loeser has represented debtors, creditors, purchasers, and other parties in interest before courts in the Sixth Circuit and in numerous other jurisdictions throughout the country.

4.      Hahn Loeser is familiar with the Debtor's financial affairs and the circumstances surrounding the Debtor's Chapter 11 filing.

### *Services to be Provided by Hahn Loeser*

5.      The employment of Hahn Loeser will assist Debtor in executing faithfully his duties as debtor-in-possession and implementing the reorganization of Debtor's financial affairs. Subject to further order of this Court, the professional services that Hahn Loeser may render to Debtor as his general bankruptcy counsel, as Debtor may request from time to time, include, without limitation:

(a)      advising Debtor of his powers and duties as debtor-in-possession in the continued operation of his businesses and management of his properties;

---

[2] Certain of the disclosures set forth herein relate to matters within the knowledge of other attorneys at Hahn Loeser & Parks LLP and are based on information provided by them.

6886112.1

(b)       assisting, advising and representing Debtor in his consultations with creditors regarding the administration of the Case;

(c)       providing assistance, advice and representation concerning the preparation and negotiation of a plan of reorganization and disclosure statement and any asset sales or other transactions proposed in connection with the Case;

(d)       providing assistance, advice, and representation concerning any investigation of assets, liabilities, and financial condition of Debtor that may be required;

(e)       representing Debtor at hearings on matters pertaining to his affairs as debtor-in-possession;

(f)       prosecuting and defending litigation matters and such other matters that might arise during and related to the Case, except to the extent that Debtor has employed or hereafter seeks to employ special litigation counsel;

(g)       providing counseling and representation with respect to the assumption and rejection of executory contracts and leases and other bankruptcy-related matters arising from the Case;

(h)       rendering advice with respect to general business and litigation issues relating to the Case, including, but not limited to, sports law, finance, real estate, labor, regulatory, tax and related matters; and

(i)       performing such other legal services as may be necessary and appropriate for the efficient and economical administration of the Case.

6.     Subject to the Court's approval of the Application, Hahn Loeser is willing to serve as Debtor's counsel and to perform the services described above.

## *Professional Compensation*

7.     Prior to the commencement of this Chapter 11 Case, in connection with the prepetition retention by Debtor, Hahn Loeser received payments in the amount of $115,000.00 on or before October 7, 2014.  Further, as of the Petition Date, Hahn Loeser holds a Retainer in the amount of $15,00.00. Hahn Loeser will request that the Retainer be applied to compensation as permitted by this Court from time to time.  To cover his filing fee, Debtor also authorized Hahn Loeser to use $1,717.00 of the Retainer for the filing fee.  Upon approval of this Application, Hahn Loeser hereby waives charges for any fees or expenses incurred before the

- 3 -

6886112.1

Petition Date not directly related to the filing of the petition to the extent allowance of such fees accords with custom and practice.

8.      Hahn Loeser's fees for professional services are based upon its standard hourly rates, which are periodically adjusted.  Debtor, subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, applicable Bankruptcy Rules, and the Orders and Local Bankruptcy Rules of this Court, proposes to pay Hahn Loeser its customary hourly rates in effect from time to time as set forth herein, plus reimbursement of actual, necessary expenses incurred by Hahn Loeser in the course of the representation.  Debtor is advised that the hourly rates set forth below are subject to periodic increases in the normal course of the firm's business, often due to increased experience of a particular professional.  Hahn Loeser will give prior notice to Debtor of any such periodic increases.

9.      Hahn Loeser anticipates that the following Hahn Loeser attorneys and staff will assist the Debtor:

| Attorney | Fees (per hour) |
| --- | --- |
| Marc J. Kessler | $505.00 |
| Daniel A. DeMarco | $550.00 |
| Shannon M. Byrne | $240.00 |
| Colleen M. Beitel (paralegal) | $230.00 |

10.      The rates above are Hahn Loeser's hourly rates for work of this nature and are subject to periodic adjustments to reflect economic and other conditions, although Hahn Loeser will provide notice to Debtor before any upward adjustments.  Other attorneys, paralegals, and staff at Hahn Loeser may serve Debtor at similar rates from time to time in connection with the Case.  Below are the range of rates for Hahn Loeser professionals.

6886112.1

| Range of Rates | Fees (per hour) |
|---|---|
| Partners | $335-$640 |
| Associates | $225-$365 |
| Paralegals | $160-$230 |

11.     Consistent with the firm's policy with respect to its other clients, Hahn Loeser will charge Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services.  These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials, hearings, and other proceedings which may arise from time to time in the Case.  Charges and disbursements will comply with the United States Trustee's guidelines for fees and disbursements for professionals in Southern District of Ohio bankruptcy cases.  Hahn Loeser presently charges $.18 per page for photocopies.

12.     Hahn Loeser intends to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in the Case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Orders and Local Bankruptcy Rules of this Court.

13.     Hahn Loeser has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues, or tasks addressed in the Case.

14.     Neither I, nor Hahn Loeser, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Case other than as permitted by the Bankruptcy Code.

15.     Hahn Loeser has not agreed to share compensation received in connection with this Case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of Hahn Loeser.

### *Disinterestedness of Professionals*

16.     To the best of my knowledge, and except as otherwise set forth herein, the partners, counsel, and associates of Hahn Loeser (a) do not have any connection with Debtor or entities related to Debtor, his creditors, any other party in interest, his respective attorneys and accountants, the United States Trustee or any other person employed in the Office of the United States Trustee; (b) are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to Debtor's estate.

17.     Hahn Loeser has undertaken a detailed database and electronic search to determine, and to disclose, whether it represents or has represented any significant creditors, insiders of Debtor or other parties in interest.  In connection with its proposed retention by the Debtor in the Case, Hahn Loeser conducted a search of its client database to determine whether it had any relationship with any of the material parties in interest (the "Interested Parties") in the Case.  This review indicates that Hahn Loeser does not represent and has not previously represented any of the Interested Parties.

18.     Specifically, to check and clear potential conflicts of interest in the Case, Hahn Loeser reviewed a list provided by Debtor and compared it to their client database to determine whether it had any relationships with the following entities, if known:

     (a)     Debtor;

     (b)     the twenty (20) largest unsecured creditors of the Debtor and any other entities that Hahn Loeser could readily identify as having a potential conflict of interest with Debtor;

- 6 -

      (c)     parties to significant litigation with Debtor;

      (d)     Debtor's accountants and other major professionals;

      (e)     Alleged secured creditors of Debtor; and

      (f)     Unsecured creditors.

As of the filing of this Application, such research indicated that except as described in the Application and herein, Hahn Loeser has not represented, nor does it currently represent, any of the foregoing entities in matters related or unrelated to the Case.

19.     To the best of my knowledge, information and belief, and based upon the database search described above, other than as described below, Hahn Loeser neither represents nor holds any interest materially adverse to the interest of Debtor's estate by reason of any relationship or connections with or interest in Debtor or any of his creditors or any party in interest in the Case, and is therefore "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code. Hahn Loeser has no present connections with the United States Trustee in the Case or any person employed in the Office of the United States Trustee. No person who is a member or associate of Hahn Loeser is a relative of any judge of the United States Bankruptcy Court for the Southern District of Ohio or the Office of the United States Trustee for Region IX. Furthermore, no person who is a member or associate of Hahn Loeser is or has been connected with any judge of such Court or such United States Trustee so as to render the employment of Hahn Loeser improper as set forth in Rule 5002 of the Federal Rules of Bankruptcy Procedure. Except as set forth in the DeMarco Declaration, and based upon the database search described above, Hahn Loeser is not aware of the representation of any other entity that is a creditor of Debtor, other than U.S. Bank, which it represents from time to time but which it has not represented in any matter in connection with the Debtor.

20.     Hahn Loeser will not represent any person in connection with any matter adverse to Debtor.  Further, should Hahn Loeser discover during the pendency of the Case that it represents, in unrelated matters, any entity or person that has an interest adverse to Debtor, Hahn Loeser will disclose to Debtor and the Court the nature of such representation and relationship thereto.

21.     To the best of my knowledge, information, and belief, Hahn Loeser and all counsel, partners, and associates thereof as far as I have been able to ascertain:

(a)     are not a creditor of Debtor;

(b)     are not related to Debtor; and

(c)     do not have an interest materially adverse to the interest of Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor, or for any other reason.

22.     The proposed employment of Hahn Loeser is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure.  Hahn Loeser and the professionals it employs are qualified to represent Debtor in matters for which Hahn Loeser is proposed to be employed.

23.     I have read, understand and agree to be bound by the Office of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330.

24.     Accordingly, to the best of my knowledge, Hahn Loeser is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

25.     To the extent that Hahn Loeser subsequently discovers any facts bearing on this Declaration or its representation of Debtor, this Declaration will be supplemented and those facts will be fully disclosed to the Court.

Dated: October ____, 2014

_____
Daniel A. DeMarco

SWORN TO BEFORE ME and subscribed in my presence this ____ day of October, 2014.

_____
Notary Public

COLLEEN M. BEITEL
Notary Public - State of Ohio
My Commission Expires
January 19, 2015

6886112.1

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

---------------------------------------------------------- x

In re:                                                    :          Chapter 11

                                                      :

John Joseph Louis Johnson, III,                           :          Case No. 2:14-bk-57104

                                                      :

                                Debtor.                :          Judge John E. Hoffman, Jr.

                                                      :

---------------------------------------------------------- x

**ORDER APPROVING APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION,
FOR ORDER AUTHORIZING DEBTOR AND DEBTOR-IN-POSSESSION
TO RETAIN AND EMPLOY HAHN LOESER & PARKS LLP AS COUNSEL,
*NUNC PRO TUNC* AS OF THE PETITION DATE**

Upon consideration of the application dated October 7, 2014 (the "Application"), of John

Joseph Louis Johnson, III, (the "Debtor"), for entry of an order approving the Debtor's retention

of Hahn Loeser & Parks LLP ("Hahn Loeser") as general bankruptcy counsel for the Debtor; and

based upon the statements of Debtor included in the Application; and after due deliberation and

hearing, this Court finds that:  (i) it has jurisdiction over the matters raised in the Application

under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408

and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief

6894096.1

requested in the Application is in the best interests of Debtor, his estate, creditors, and other parties in interest; (v) adequate and proper notice of the Application and the hearing thereon has been given and that no other or further notice is necessary; and (vi) good and sufficient cause exists for the granting of the relief requested in the Application as set forth herein.  Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Application is GRANTED and APPROVED in its entirety.

2.      In accordance with sections 327(a) and 328 of the Bankruptcy Code, and Rules 2014 and 6003(a) of the Bankruptcy Rules, the Debtor shall be and hereby is authorized and empowered to employ and have retained Hahn Loeser as his general bankruptcy counsel, *nunc pro tunc,* for the matters referred to in the Application, as of the Petition Date, October 7, 2014, during the pendency of this Chapter 11 Case.

3.      The retainer of $15,000.00, less the filing fee of $1,717.00, held by Hahn Loeser is approved and shall be held in trust and applied against any approved and unpaid fees and out-of-pocket expenses that may remain unpaid at the termination of the engagement of Hahn Loeser, or upon further Order of this Court, with any unearned balance remaining at that time to be refunded to Debtor, all in accordance with the orders of the Court.

4.      In connection with the services to be rendered by Hahn Loeser, Hahn Loeser shall receive compensation and reimbursement of expenses in accordance with the provisions of sections 327, 330 and 331 of the Bankruptcy Code and any applicable order of the Court.

5.      The Court shall retain jurisdiction to hear and determine all matters relating to the enforcement or interpretation of this Order.

6.      This Order is immediately effective and enforceable upon entry.

**IT IS SO ORDERED.**

6894096.1

# # #

Submitted by,

_____

Marc J. Kessler (0059236)
Daniel A. DeMarco (0038920)
Hahn Loeser & Parks LLP
65 E. State Street, Suite 1400
Columbus, Ohio  43215
Telephone:    (614) 233-5168
Facsimile:    (614) 221-5909
E-mail:        mkessler@hahnlaw.com
               dademarco@hahnlaw.com

*Proposed Attorneys for Debtor*
*John Joseph Louis Johnson, III*

Copies to:

6894096.1