UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------x
In re:                                                   :   Chapter 11
                                                         :
John Joseph Louis Johnson, III,                          :   Case No.
                                                         :
                    Debtor.                              :   Judge
                                                         :
---------------------------------------------------------x

**VERIFIED DECLARATION OF RODNEY S. STRICKLAND IN SUPPORT OF APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION TO RETAIN AND EMPLOY TRI STAR SPORTS & ENTERTAINMENT AS FINANCIAL ADVISOR, _NUNC PRO TUNC_ AS OF THE PETITION DATE**

STATE OF  Tennessee  )
                     )  ss:
COUNTY OF Davidson   )

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rodney S. Strickland declares under the penalty of perjury:

1. I am the Chief Financial Officer of Tri Star Sports & Entertainment ("Tri Star"), a business consulting firm which, among other things, provides restructuring services throughout the country. I make this Declaration in support of the *Application of Debtor and Debtor-in-Possession to Retain and Employ Tri Star Sports & Entertainment as Financial Advisor, Nunc Pro Tunc as of the Petition Date* (the "Application"),[1] for entry of an order authorizing Debtor to retain and employ Tri Star to provide restructuring services to Debtor, *nunc pro tunc* as of the Petition Date. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

6895072.2

A.   **Qualifications of Professionals**

2.   Debtor has selected Tri Star as his financial advisor because, among other things, Tri Star and its professionals have the skills necessary to provide high quality services to professional athlete debtors, generally and in this Chapter 11 reorganization. Tri Star is well suited for the type of representation required by Debtor and has a proven track record working with professional athletes, their creditors and lenders in addressing distressed debt situations.

3.   During the prepetition period since Tri Star's engagement by Debtor, since June 13 2014, Tri Star professionals have worked closely with Debtor and his other professionals to become well-acquainted with Debtor's career as a professional hockey player, the claims of his alleged creditors, his business ventures, and his other related matters. Tri Star also has developed knowledge of Debtor's financial history, how he has been placed into this position and has worked to prepare Debtor to file this Case. Tri Star has developed significant relevant experience and expertise regarding Debtor that will assist it in providing effective and efficient services in this Case.

4.   The resources, capabilities and experience of Tri Star in advising professional athletes are crucial to Debtor's successful reorganization. Tri Star fulfills a critical need that complements the services offered by Debtor's other restructuring professionals. Neither law firms nor traditional accounting firms have the experience or resources to do the type of work detailed below required by Debtor as a professional athlete.

5.   Tri Star is willing to serve Debtor in this Case.

B.   **Services to be Provided by Tri Star**

6.   Tri Star will provide the following services, among others:

   a.   Assisting in the restructuring efforts of Debtor;

6895072.2

    b.    Assisting Debtor with management of his cash flow, including but not limited to preparing, implementing and monitoring of budgets and paying monthly bills;

    c.    Assisting Debtor with identifying new income sources, including but not limited to his marketing efforts to obtain branding and merchandising royalty income;

    d.    Assisting Debtor in managing his assets, including both personal property and real property assets;

    e.    Assisting in developing and implementing a restructuring plan including a Plan of Reorganization;

    f.    If deemed appropriate, facilitating and managing the processes to sell, lease or license certain of Debtor's assets to raise new capital;

    g.    Communicating and negotiating with Debtor's alleged lenders and creditors;

    h.    Attend Court and other hearings, where necessary;

    i.    Compiling and formatting financial information and other data and preparing analyses necessary and appropriate for this Chapter 11 case; and

    j.    Other and further financial advisory and consulting services as mutually agreed to between the parties.

7.    Tri Star's team will consist of professionals experienced with handling the financial affairs of professional athlete debtors. Tri Star agrees that it will endeavor to coordinate with the other retained professionals in this Case to eliminate unnecessary duplication or overlap of work.

8.    I am the principal Tri Star professional responsible for the provision of services to Debtor, will be available as required, and will supervise Tri Star's engagement by Debtor.

C.    **Employment Terms and Compensation**

9.    Tri Star's fees for professional services are based upon its engagement letter, which is attached hereto as <u>Exhibit 1</u>.

6895072.2

10. This matter will be led by me and supported by Ms. Peggy Stephens, with assistance by other Tri Star personnel on an as-needed basis.

11. Consistent with Tri Star's policy with respect to its other clients, and subject to Court order, Debtor will reimburse Tri Star upon receipt of periodic billings for all reasonable, out-of-pocket expenses incurred in connection with this Case, including but not limited to, travel, mileage, accommodations, meals, telecommunication and postage. Charges and disbursements will comply with the United States Trustee's guidelines for fees and disbursements for professionals in bankruptcy cases.

12. Tri Star understands that payment of invoices for its work is governed by the Court and such procedures for filing fee statements and notice as may be applicable to Debtor's Case.

13. To the best of my knowledge, (a) no commitments have been made or received by Tri Star, nor any member thereof, as to compensation or payment in connection with this Case other than in accordance with the provisions of the Bankruptcy Code, and (b) Tri Star has no agreement with any other entity to share with such entity any compensation received by Tri Star in connection with this Case.

**D.  Tri Star's Relationship to Debtor**

14. To the best of my information and belief, neither I nor any professional of the Tri Star team have any connection with and nor hold any interest adverse to Debtor, his creditors, or any other party in interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee, in the matters for which Tri Star is proposed to be retained. Tri Star has reviewed the lists of Debtor's general unsecured creditors, Debtor's lenders, and other known parties in interest in this Case.

6895072.2

15. Debtor initially retained Tri Star prior to the Petition Date as of June 13, 2014. Pursuant to that retention and during the period prior to the Petition Date, Debtor has paid Tri Star $53,317.25 in compensation and $32,437.70 in reimbursement for expenses incurred prior to the Petition Date. Accordingly, Tri Star is not a creditor of Debtor.

16. To the best of my knowledge, information and belief, except as disclosed in this Declaration, neither I nor Tri Star has any of the following affiliations with Debtor: (i) as a creditor, equity security holder, or insider; (ii) as a director officer or employee of Debtor within the last two years prior to the date of filing of the petition in this Case; or (iii) as a holder of an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor. If new relevant facts or relationships are discovered or arise which require further disclosure, Tri Star will promptly file a supplemental declaration.

E.  **Prepetition Payments to Tri Star**

17. In connection with the prepetition retention by Debtor, Tri Star received payments in the amount of $108,165.00 on or before October 7, 2014, (the "Retainer"), which is intended as a retainer for a portion of the expected fees and expenses incurred in Debtor's Case. As of the Petition Date, Tri Star holds a Retainer in the amount of $54,847.75. Tri Star will request that the Chapter 11 Retainer be applied to compensation as permitted by this Court from time to time.

18. Employment of Tri Star as financial advisor to Debtor is appropriate under the Bankruptcy Code.

19. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

6895072.2

Dated: October 14, 2014

TRI STAR SPORTS & ENTERTAINMENT

_____
Rodney S. Strickland

6895072.2