## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 14-57104 |
| | : | |
| John Joseph Louis Johnson, III, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge John E. Hoffman, Jr. |

**OBJECTION OF RFF FAMILY PARTNERSHIP, LP TO (I) MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR ENTRY OF AN ORDER (A) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND (B) GRANTING A LIMITED WAIVER OF THE DEPOSIT GUIDELINES SET FORTH IN BANKRUPTCY CODE SECTION 345, AND (II) MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

RFF Family Partnership, LP (the "Family Partnership"), a secured creditor with an interest in the cash (including cash equivalents and deposit accounts and the proceeds thereof, the "Cash Collateral") of the estate herein of John Joseph Louis Johnson, III (the "Debtor"), debtor and debtor in possession herein, hereby objects to (i) the *Motion of Debtor and Debtor in Possession for Entry of an Order (A) Authorizing Maintenance of Existing Bank Accounts and (B) Granting a Limited Waiver of the Deposit Guidelines Set Forth in Bankruptcy Code Section 345* [Docket Item ("DI") no. 16] (the "Bank Accounts Motion"), filed October 15, 2014, and (ii) the *Motion for Entry of an Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* [DI No. 20] (the "Fee Procedure Motion") also filed October 15, 2014 and in support hereof respectfully states as follows:

BACKGROUND

The Parties

1. The Family Partnership is a limited partnership organized and existing under the laws of the State of California and a finance lender licensed by the California Department of Corporations with the license number CFL6031124 and therefore exempt from usury laws in accordance with, *inter alia*, the California Finance Code, sections 22000 *et seq*.

2. The Debtor is a bridge loan borrower, sophisticated investor and accomplished professional athlete with current income of at least $5 million dollars ($5,000,000.00) per year under a multi-year contract totaling more than $30 million dollars ($30,000,000.00) and which currently runs through the 2017-18 professional hockey season.

The Secured Borrowing

3. Prior to January 21, 2014 the Debtor and Team Johnson Investments, LLC (the "Johnson Investments"), requested the Family Partnership provide them with bridge loan financing on terms proposed by the Debtor and the Johnson Investments. The Family Partnership accepted those proposed terms and conditions.

4. On or about January 21, 2014, for good and valuable consideration, the Debtor and Johnson Investments made, and executed before a notary public, and delivered to the Family Partnership at Los Angeles, California, their promissory note of even date in a principal sum not to exceed One Million Eight Hundred Sixty Two Thousand Five Hundred Dollars ($1,862,5000.) (the "Promissory Note," a copy of which is attached hereto as Exhibit A) for a thirty (30) day term, payable February 21, 2014,

plus 3% (denominated as monthly interest). As stated in the Promissory Note, the proceeds of this bridge loan were to be used to satisfy certain indebtedness owed by the Debtor to a third party known as EOT Advisors, LLC and to obtain a standby letter of credit and funds from a joint venture agreement between and among the Debtor and other third parties. See Promissory Note, at page 1, paragraph 1 <u>Warranty and Representation as to Existing Debt</u>, subparagraph B.

     5.     The Promissory Note is secured by that certain Security and Pledge Agreement of even date executed by the Debtor before a notary public (the "<u>Security Agreement</u>," a copy of which is attached hereto as Exhibit B), which granted the Family Partnership a blanket security interest in all assets of the Debtor, including, without limitation, the payment, proceeds, and rights under and related to the January 8, 2011 National Hockey League Standard Player's Contract and the Addendum thereto by and between the Debtor and the Los Angeles Kings Hockey Club, LP as assumed by the Columbus Blue Jackets professional hockey organization on or about February 23, 2012 (the "<u>Player Contract</u>," a copy of which is attached hereto as Exhibit C).

     6.     The Family Partnership properly perfected its security interest under the Security Agreement by filing completed form UCC-1 Financing Statements in the States of California, Michigan, Ohio, Texas and New York (the "<u>UCC-1s</u>," copies of which are collectively attached hereto as Exhibit D).

     7.     The Promissory Note is further secured by that certain Assignment of Contracts of even date executed by the Debtor before a notary public (the "<u>Assignment of Contracts</u>," a copy of which is attached hereto as Exhibit E), pursuant to which the Debtor assigned to the Family Partnership, *inter alia*, all of his right, title and interest to

the payment, proceeds and rights under the Player Contract and such sums due thereunder as and when payable to the Debtor.

8. As additional consideration for the bridge loan financing provided by the Family Partnership under the Promissory Note, the Debtor (a) executed before a notary public and delivered an authorization agreement of even date for direct deposit to the Columbus Blue Jackets organization (the "Authorization Agreement," a copy of which is attached as Exhibit F), directing the Columbus Blue Jackets organization to pay all money due the Debtor under the Player Contract to the Family Partnership until the principal debt and all accrued interest and expenses under the Promissory Note were paid in full, (b) warranted and represented that the Debtor would not revoke, terminate, or otherwise modify the Authorization Agreement until the Promissory Note was paid in full, and (c) agreed to execute and deliver to the Family Partnership and any and all third parties as the Family Partnership would direct, all such additional instruments as the Family Partnership shall require to perfect and maintain the Family Partnership's rights and security interests under the Promissory Note.

### The Debtor's Breach

9. The Debtor breached the Promissory Note by failing to pay the balance due under the Promissory Note on the due date thereof of February 21, 2014. In addition, upon information and belief, the Debtor did not deliver the Authorization Agreement to the Columbus Blue Jackets organization and in further breach of his promise and representation, the Debtor has been receiving and will continue to receive the entire $5,000,000 due this year under the Player Contract notwithstanding that the Promissory Note has not been paid in full.

### The Secured Claim

10.     There is presently due and owing the Family Partnership from the Debtor under the Promissory Note, after credit for a single payment of $25,000.00 made, the principal sum of $1,494,945.75 plus the monthly interest of three percent (3%) since January 21, 2014. In addition, the Debtor is liable to the Family Partnership under the Promissory Note for all costs of collection thereunder, including attorneys' fees incurred in, *inter alia*, any bankruptcy in which the Family Partnership appears to enforce the Promissory Note (collectively with all principal, interest, costs and fees as allowed under the Promissory Note, the "Secured Claim").

### The Arbitration and the Claim for Fraud

11.     When only a single payment of $25,000 was made by the Debtor to the Family Partnership, notwithstanding that the Debtor was given multiple extensions of time to satisfy the Secured Claim, the Family Partnership on or about August 26, 2014 commenced an arbitration proceeding before ADR Services, Inc. in Los Angeles, California, in accordance with the terms of the Promissory Note (the "Arbitration").[1] See Promissory Note, paragraph 10.  In addition to a claim for money due on default of the Promissory Note (and for breach of contract), the Family Partnership asserted a claim for fraud on account of the Family Partnership's information and belief that at the time the Debtor made the representations and warranties in the Authorization Agreement, the Debtor had no intention of performing those representations and warranties and instead

---

[1]  Notwithstanding this Objection, the Family Partnership reserves all rights to seek relief from stay under section 362 of the Bankruptcy Code to continue the Arbitration as agreed in order to adjudicate the claims asserted therein and does not hereby waive such right.

made them with the intention of defrauding the Family Partnership, entitling the Family Partnership to exemplary and punitive damages under California law.

### This Bankruptcy

12.     On October 7, 2014 (the "Petition Date") the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 (the "Bankruptcy Code") of the United States Code and has been continued in the possession of his property and operation of his business affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13.     As of the date hereof, some 30 days after the Petition Date, the Debtor has not yet filed its schedules and statement of financial affairs, leaving creditors such as the Family Partnership completely in the dark as to the Debtor's assets and liabilities.[2] More concerning is the fact that notwithstanding that the Family Partnership has an interest in the Cash Collateral as aforesaid, the Debtor has failed to obtain either the consent of the Family Partnership or this Court's authorization, after notice and a hearing, for the use of the Cash Collateral in accordance with section 363(c)(2) of the Bankruptcy Code.

### The Motions

14.     Pursuant to the Bank Accounts Motion the Debtor seeks authorization to, *inter alia*, maintain his existing bank accounts at City National Bank in Nashville Tennessee for use in the ordinary course on a post-petition basis to, among other things,

---

[2] The Family Partnership notes that the Debtor requested (apparently without notice to the Family Partnership) an extension of time through November 20, 2014 to file his schedules and financial affairs, an extraordinary amount of time of time in the context of this individual chapter 11 case. The Family Partnership further notes that the Debtor obtained the agreement of the Office of the United States Trustee to an extension of time through November 7, 2014, conveniently the day after the November 6, 2014 deadline to objection to Bank Account Motion and the Fee Procedure Motion.

pay his monthly bills and expenses. In addition, pursuant to the Fee Procedure Motion the Debtor seeks an administrative order establishing procedures for the monthly compensation and reimbursement of expenses by the Debtor of professionals retained by order of this Court in this case. The Family Partnership hereby objects to the Bank Accounts Motion and the Fee Procedure Motion to the extent the Debtor thereby intends to use the Cash Collateral of the Family Partnership without either the consent of the Family Partnership or this Court's specific authorization, both of which are currently lacking in this case.

## OBJECTION

15. Section 363(c)(2) of the Bankruptcy Code expressly prohibits a debtor's use of cash collateral in the operation of his business as a debtor in possession under section 1108 of the Bankruptcy Code absent consent or court authorization:

> The [debtor in possession] may not use, sell, or lease cash collateral [in the operation of its business] unless –
>
> (A) each entity that has an interest in such cash collateral consents; or
>
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with provisions of this section.

11 U.S.C. § 363(c)(2).

16. The terms 'cash collateral' is defined for purposes of section 363 of the Bankruptcy Code to mean cash, deposit accounts and cash equivalents whenever acquired, in which the estate and an entity other than the estate have an interest, and includes proceeds:

> In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes [proceeds] ….

11 U.S.C. § 363(a).

17. In addition to the express prohibition on unauthorized, non-consensual use of "cash collateral," the Bankruptcy Code affirmatively requires a debtor in possession to segregate and account for any "cash collateral" in the debtor in possession's possession, custody, or control:

> Except as provided in paragraph 2 of this subsection, the [debtor in possession] shall segregate and account for any cash collateral in the debtor in possession's possession, custody, or control.

11 U.S.C. § 363(c)(4).

18. As demonstrated hereinabove, the Family Partnership has an interest in the Debtor's Cash Collateral by virtue of the Promissory Note, the Security Agreement, the Assignment of Contracts and the UCC-1s. As evidenced by the docket herein, this Court has not authorized the Debtor's use of the Cash Collateral, nor has the Family Partnership consented to such use by the Debtor. Both the Bank Account Motion and the Fee Procedure Motion, however, seeks entry of orders which will allow the Debtor's use of Cash Collateral in ways that plainly violate the Bankruptcy Code sections cited herein. Accordingly, the Family Partnership objects to the relief requested in both the Bank Account Motion and the Fee Procedure Motion and in addition requests the Court instead affirmatively order the Debtor to comply with the requirements of section 363(c)(4) to segregate and account for the Cash Collateral of the Family Partnership.

## CONCLUSION

WHEREFORE, the Family Partnership respectfully requests the Court deny both the Bank Account Motion and the Fee Procedure Motion and instead affirmatively order the Debtor to comply with the requirements of section 363(c)(4) to segregate and account

for the Cash Collateral of the Family Partnership and grant such further and additional relief as determined to be appropriate.

Respectfully submitted,

LEVINSON LLP

/s/ Jeffrey M. Levinson
Jeffrey M. Levinson (OBR# 0046746)
3783 S. Green Road
Cleveland, Ohio 44122
(216) 514-4935
(216) 514-4936 telecopier
jml@jml-legal.com

and

CRAIG W. RELMAN CO., LPA
Craig W. Relman (OBR# 0043867)
James S. Schoen (OBR# 0017067)
23811 Chagrin Boulevard, Suite 160
Cleveland, Ohio 44122
(216) 514-4981
(216) 514-4987 (telecopier)
crelman@aol.com

Co-Counsel for RFF Family Partnership, LP

Dated: November 6, 2014

9

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Objection of RFF Family Partnership, LP to Bank Accounts Motion and Fee Procedure Motion was filed electronically this 6th day of November, 2014. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, including those parties listed below. Parties may access this filing through the Court's system.

/s/ Jeffrey M. Levinson
Jeffrey M. Levinson (OBR# 0046746)

Pamela Arndt on behalf of U.S. Trustee Asst US Trustee (Col)
Pamela.D.Arndt@usdoj.gov

Asst US Trustee (Col)
ustpregion09.cb.ecf@usdoj.gov

Stephen Conway on behalf of Creditor Missouri Department of Revenue
chris.conway@dor.mo.gov

Daniel A DeMarco on behalf of Debtor In Possession John Joseph Louis Johnson, III
dademarco@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

Christian Donovan on behalf of Creditor Capital Holding Enterprises, LLC
cdonovan@lnlattorneys.com, tpadovan@lnlattorneys.com

Katherine Kakish on behalf of Creditor Michigan Department of Treasury
kakishk@michigan.gov

Michael Richard Keefe on behalf of Creditor TCF Bank
notices@statmanharris.com, mkeefe@statmanharris.com

Marc J Kessler on behalf of Debtor In Possession John Joseph Louis Johnson, III
mkessler@hahnlaw.com, cphilpot@hahnlaw.com;cmbeitel@hahnlaw.com

Kenneth M Richards on behalf of Creditor Capital Holding Enterprises, LLC
krichards@lnlattorneys.com