**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

--------------------------------------------------------- x
In re:                                                                  : Chapter 11
                                                                              :
John Joseph Louis Johnson, III,                            : Case No. 14-57104
                                                                              :
                                              Debtor.          : Judge John E. Hoffman, Jr.
                                                                              :
--------------------------------------------------------- x

**APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KOORENNY & TEITELBAUM, LLP AS AN ORDINARY COURSE PROFESSIONAL *NUNC PRO TUNC* AS OF THE PETITION DATE**

John Joseph Louis Johnson III, an individual ("Debtor" or "Johnson"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Case"), by and through his undersigned counsel, hereby applies (the "Application"), to this Court for entry of an administrative order, authorizing (a) the employment, effective *nunc pro tunc* as of the Petition Date (as defined below), of Koorenny & Teitelbaum, LLP, 11911 San Vicente Boulevard, Suite No. 265, Los Angeles, CA 90049 ("K&T"), attorneys employed by Debtor prior to the filing of this case; and (b) payment of K&T's fees and expenses in the ordinary course of Debtor's affairs. The purpose of this employment is to assist the Debtor in securing and protecting certain assets for creditors and removing and transferring a pending matter venued in the Los Angeles County Superior Court to this Court.

**JURISDICTION**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

7099899.3

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 327, 328 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

4. On or about September 22, 2014, Johnson filed a civil action in the Superior Court of the State of California, County of Los Angeles ("Superior Court"), Case No. BC558267 (the "Lawsuit"), against defendants National Mortgage Resources, Inc., a California corporation; Steve Miller, an individual; CYA Sports Management, LLC, a Texas limited liability company; and DOES 1 through 100 (collectively, the "Defendants").

5. One of the original purposes of the Complaint in the Lawsuit was to restrain and enjoin Defendants from proceeding with a foreclosure sale of certain property in California. With the retention of California counsel, this Complaint will be amended to eliminate certain claims that are now moot because of the foreclosure sale and to clarify and identify the breach of contract, tortious conduct and relief requested that will inure to the benefit of the creditors herein.

6. On October 7, 2014 (the "Petition Date"), Johnson filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

7. No trustee, examiner or official committee of unsecured creditors has been appointed.

## RELIEF REQUESTED

8. Debtor employed K&T prepetition to serve as California co-counsel with Debtor's attorneys, Hahn Loeser & Parks LLP ("Hahn Loeser"), which services are not related specifically to the Case. Debtor now seeks an Order authorizing the post petition employment of K&T as an ordinary course professional to render services related to the Superior Court Lawsuit that will remove, transfer and amend the allegations identified therein.

9. Debtor believes that K&T is well-qualified to serve in this capacity and that K&T's retention is in the best interest of Debtor's estate and its creditors.

10. In support of this Application, Debtor incorporates the *Verified Declaration of Eliot Teitelbaum in Support of the Application of Debtor and Debtor-in-Possession for Order Authorizing the Retention and Employment of Koorenny & Teitelbaum, LLP as an Ordinary Course Professional Nunc Pro Tunc as of the Petition Date* (the "Declaration"), a copy of which is attached hereto as Exhibit A and incorporated by reference herein.

11. The employment of K&T is necessary to ensure that Debtor has proper representation by California counsel in the Lawsuit and its removal and ultimate transfer to this Court. K&T is highly experienced in such matters.

12. Subject to the Court's allowances, K&T will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. It has been the historical practice of K&T to adjust its hourly rates from time to time. K&T establishes its hourly rates at a level designed to fairly compensate them for their work and cover fixed and routine overhead expenses. The hourly rates currently charged by K&T are $450 to $500 for partners and between $300 to $400 for associates and of counsel.

13. K&T may from time to time seek reimbursement for ordinary expenses, which may include, without limitation, travel costs, copy costs, facsimile charges, express mail, special or hand deliveries, document processing, overtime assistance, overtime meals, legal computer research expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. K&T believes that it is more fair to charge those expenses to the clients incurring them rather than to increase their hourly rates and thereby spread such expenses among all their clients.

14. Debtor proposes paying 100% of K&T's fees incurred, if Debtor approves an appropriate statement submitted by K&T setting forth in detail, consistent with the parties' historical practices, the nature of the services rendered and expenses actually incurred; <u>provided, however</u>, that, if any amount owed for K&T's fees and expenses exceeds a total of $10,000 for any month, then K&T's compensation shall be limited to $10,000 for that month until K&T shall apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in the Case.

15. To the best of Debtor's knowledge, information and belief, K&T has no connection with the Debtor, its creditors, the United States Trustee or any other party in interest in this case, or their respective attorneys or accountants (based on its investigation of its client lists as of the date of this Application) and does not hold or represent any other known or reasonably ascertainable interest adverse to the Debtor in the matter upon which it is engaged.

16. K&T will not represent any person in connection with any matters adverse to Debtor. Should any representational interests of creditors or other parties become apparent and not be resigned, these representational interests shall be immediately disclosed to the Court. The Debtor states that, to the best of his knowledge, K&T does not represent interests adverse to his estate and it is disinterested as that term is defined pursuant to 11 U.S.C. §101(14).

**NO PRIOR REQUEST**

17. No prior request for the relief sought in this Application has been made to this or any other court in connection with the Case.

## WAIVER OF MEMORANDUM OF LAW

18. Pursuant to Local Bankruptcy Rule for the Southern District of Ohio 9013-1(a), because there are no novel questions of law presented herein and because appropriate authorities are cited in this Motion, Debtor respectfully requests that the Court waive the requirement that Debtor file a memorandum of law in support of this Motion.

## CONCLUSION

WHEREFORE, Debtor respectfully requests entry of an Order pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, (a) authorizing employment of K&T as an ordinary course professional *nunc pro tunc* as of the Petition Date and payment of K&T's fees and expenses in the ordinary course of the Debtor's affairs; and (b) granting the Debtor such other and further relief to which he is justly entitled.

Dated: December 16, 2014

Respectfully submitted,

*/s/ Marc J. Kessler*
Marc J. Kessler (0059236)
Daniel A. DeMarco (0038920)
Hahn Loeser & Parks LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 233-5168
Facsimile: (614) 221-5909
E-mail: mkessler@hahnlaw.com
E-mail: dademarco@hahnlaw.com

*Attorneys for Debtor*
*John Joseph Louis Johnson, III*

## CERTIFICATE OF SERVICE

I certify that on December 16, 2014, a true and correct copy of the Application of Debtor and Debtor-in-Possession for Order Authorizing Debtor and Debtor-in-Possession to Retain and Employ Koorenny & Teitelbaum, LLP as Ordinary Course Professional *Nunc Pro Tunc* as of the Petition Date was served:

- Pamela Arndt Pamela.D.Arndt@usdoj.gov

- Asst US Trustee (Col) ustpregion09.cb.ecf@usdoj.gov

- Paul J Battista pbattista@gjb-law.com

- Amelia A Bower abower@plunkettcooney.com, dstogner@plunkettcooney.com;bkennedy@plunkettcooney.com

- Stephen Conway chris.conway@dor.mo.gov

- Daniel A DeMarco dademarco@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

- Christian Donovan cdonovan@lnlattorneys.com, tpadovan@lnlattorneys.com

- M Colette Gibbons Colette.Gibbons@icemiller.com, carol.builder@icemiller.com

- James H Gordon jgordon@gordonlawco.com

- Katherine Kakish kakishk@michigan.gov

- Michael Richard Keefe notices@statmanharris.com, mkeefe@statmanharris.com

- Marc J Kessler mkessler@hahnlaw.com, cphilpot@hahnlaw.com;cmbeitel@hahnlaw.com

- Jeffrey Mark Levinson jml@jml-legal.com

- Jennifer L Maffett-Nickelman THDaytonECF@thompsonhine.com, jennifer.maffett-nickelman@thompsonhine.com

- Sean D Malloy smalloy@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

- W Irl Reasoner ireasoner@habashlaw.com

- Craig W Relman crelman@aol.com

- Kenneth M Richards krichards@lnlattorneys.com

- Matthew G. Summers summersm@ballardspahr.com

- David M Whittaker dwhittaker@bricker.com

AND BY REGULAR U.S. MAIL, POSTAGE PREPAID:

| | | |
|---|---|---|
| Lawrence Hackett, Esq.<br>Office of The United States Trustee<br>170 North High Street<br>Suite 200<br>Columbus, OH 43215 | Capital Financial Holdings, LLC<br>470 Atlantic Avenue<br>Boston, MA 02210 | Capstar Bank<br>c/o Lawless & Associates, P.C.<br>Thomas W. Lawless<br>Suite 403, The Customs House<br>701 Broadway<br>Nashville, TN 37203 |
| Capstar Bank<br>201 4th Avenue North<br>Suite 950<br>Nashville, TN 37219 | EOT Advisors, LLC<br>c/o Anderson & Riddle, LLP<br>James S. Kiser, Esq.<br>1604 8th Avenue<br>Fort Worth, TX 76104 | EOT Advisors, LLC<br>777 Main Street<br>Suite 700<br>Fort Worth, TX 76102 |
| Manhattan Village HOA<br>c/o Witkin & Neal Incorporated<br>as Agent for Manhattan Village<br>Homeowners<br>5805 Sepulveda BVlvd.<br>Suite 670<br>Sherman Oaks, CA 91411 | PP Trustee LLC<br>c/o Vcorp Services, LLC<br>Registered Agent<br>1811 Silverside Road<br>Wilmington, DE 19810 | Pro Player Funding LLC<br>c/o Vcorp Services, LLC<br>Registered Agent<br>1811 Silverside Road<br>Wilmington, DE 19810 |
| Pro Player Funding LLC<br>c/o Hancock Estabrook, LLP<br>Zachary M. Mattison<br>1500 AXS Tower I<br>100 Madison Street<br>Syracuse, NY 13202 | Pro Player Trust<br>c/o Wilmington Trust, National Assoc.<br>Registered Agent<br>Rodney Square, N.<br>1100 North Market Street<br>Wilmington, DE 19890 | Ragnar Industries, LLC<br>c/o HL Statutory Agent, Inc.<br>200 Public Square, Suite 2800<br>Cleveland, OH 44114 |
| RFF Family Partnership, LP<br>c/o Parcells Law Firm<br>Dayton B. Parcells III, Esq.<br>1901 Avenue of the Stars<br>11th Floor<br>Los Angeles, CA 90067 | RFF Family Partnership, LP<br>226 23rd Street<br>Santa Monica, CA 90402 | Rodney L. Blum<br>c/o Alyson C. Tanenbaum<br>495 East Mound Street<br>Columbus, OH 43215 |
| Rodney L. Blum<br>11361 Oakland Farms Road<br>Dubuque, Iowa 52003 | TCF Bank<br>c/o Shaheen, Jacobs & Ross, PC<br>1425 Ford Building<br>615 Griswold<br>Detroit, MI 48226-4993 | TCF Bank<br>801 Marquette Avenue<br>Minneapolis, MN 55402 |
| US Bank<br>4801 Frederica Street<br>Owensboro, KY 42301 | Cobalt Sports Capital, LLC<br>210 University Boulevard<br>Denver, CO 80206 | Jack Brewer<br>c/o The Jack Brewer Foundation<br>80 S. 8th Street, Suite 900<br>Minneapolis, MN 55402 |
| Rebecca Rakenski<br>2144 Golferesr<br>Commerce Park Township, MI 48382 | Gardner Haas PLLC<br>Two Lincoln Center<br>5420 LBJ Freeway, Suite 1200<br>Dallas, TX 75240 | McDonald Corano Wilson<br>100 West Liberty St., 10th Floor<br>Reno, NV 89501 |

Levy, Small & Lallas
815 Morgan Drive
Los Angeles, CA 90049

Michael and Michele Traylor
48 Malaga Way
Manhattan Beach, CA 90266

Erin and Jeff Canaday
5889 Northcliff Blvd.
Dublin, OH 43016

US Storage Centers South Bay
14680 Aviation Blvd.
Hawthorne, CA 90250

Keller, Turner, Ruth
700 12th Avenue, S.
Suite 302
Nashville, TN 37203

Tri Star Sports & Entertainment Group
11 Music Circle South
Nashville, TN 37203

Tri Star Sports & Entertainment Group
1800 Century Park East
Suite 1000
Los Angeles, CA 90067

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

U.S. Department of Justice
950 Pennsylvania Avenue, NW\
Washington, DC 20530-0001

City National Bank
54 Music Square East
Nashville, TN 37203

Keller Williams Realty
401 S. First Street
Burbank, CA 91502

*/s/ Marc J. Kessler*
*One of the Attorneys for Debtor*
*John Joseph Louis Johnson, III*

7099899.3

8

## **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

---------------------------------------------------------- x
In re:                                               :   Chapter 11
                                                     :
John Joseph Louis Johnson, III,                      :   Case No. 14-57104
                                                     :
                    Debtor.                          :   Judge John E. Hoffman, Jr.
                                                     :
---------------------------------------------------------- X

**VERIFIED DECLARATION OF ELIOT TEITELBAUM IN SUPPORT OF
APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF KOORENNY &
TEITELBAUM, LLP AS AN ORDINARY COURSE PROFESSIONAL *NUNC PRO TUNC*
AS OF THE PETITION DATE**

**STATE OF CALIFORNIA**        )
                               )  **SS:**
**COUNTY OF LOS ANGELES**      )

I, Eliot Teitelbaum, being first duly sworn, depose and state under penalty of perjury, as follows:

1. I am a partner in the lawfirm of Koorenny & Teitelbaum, LLP ("K&T"), which maintains offices for the practice of law at 11911 San Vicente Boulevard, Suite No. 265, Los Angeles, CA 90049, and I am duly authorized to make the following Verified Declaration on behalf of K&T. The facts set forth in this Verified Declaration are personally known to me and, if called as a witness, I could and would testify competently under oath to them. Unless otherwise defined herein, all capitalized terms have the meaning ascribed to them in the *Application of Debtor and Debtor-in-Possession for Order Authorizing the Retention and Employment of Koorenny & Teitelbaum, LLP as an Ordinary Course Professional, Nunc Pro Tunc as of the Petition Date* (the "Application").

7099899.3

2.     K&T has agreed to advise and represent John Joseph Louis Johnson, III ("Johnson" or "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Case") in a civil action in the Superior Court of the State of California, County of Los Angeles ("Superior Court"), Case No. BC558267 (the "Lawsuit"), against defendants National Mortgage Resources, Inc., a California corporation; Steve Miller, an individual; CYA Sports Management, LLC, a Texas limited liability company; and DOES 1 through 100 (together, the "Defendants").  I make this Verified Declaration in support of the Application and for the purpose of fulfilling disclosure requirements under Section 327 and Bankruptcy Rules 2014(a) and 2016(e).

3.     Neither I nor K&T nor any of its professionals, as far as I have been able to ascertain after reasonable investigation, have any connection with (a) Debtor; (b) the twenty (20) largest unsecured creditors of Debtor; (c) parties to significant litigation with Debtor; (d) Debtor's secured creditors; or (e) the Office of the United States Trustee (based on K&T's investigation of its client lists as of the date of this Application).  Nor does K&T represent any other known or reasonably ascertainable interest adverse to Debtor in the matters upon which it is engaged.

4.     Should K&T discover during the pendency of the Case that it represents, in unrelated matters, an entity or person that has an interest adverse to Debtor in the Case, K&T will disclose such information to Debtor and the Court the nature of such representation and relationship thereto.

5.     To the best of my knowledge, other than as disclaimed below, K&T has not provided legal services or representation to any person or entity having a claim or interest

adverse to Debtor in connection with Debtor's Case nor, at any material time, provided legal advice or representation to any entity in connection with a matter adverse to Debtor.

6. To the best of my knowledge, and other than as disclosed herein, K&T and its associates do not have any relation to or connection with any judge of this Court or with the United States Trustee for this region or any person employed in the Office of the United States Trustee so as to render the employment of K&T improper as set forth in Rule 5002 of the Bankruptcy Rules.

7. Neither I, K&T, nor any associate thereof, insofar as I have been able to ascertain, hold any interest materially adverse to the interest of Debtor's estate or to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in Debtor.

8. Notwithstanding the foregoing, various employees of K&T may have business associations with certain creditors, or other parties in interest that have no connection with K&T's representation of Debtor.

9. To the best of my knowledge, no partner or associate in K&T is a creditor of Debtor.

10. K&T has not been paid a retainer in this matter.

11. To check and clear potential conflicts of interest in the Case, K&T reviewed the list of Reviewed Parties identified in the Application, and compared it to its client database in order to determine whether it had any relationships with the listed entities, if known. As of the filing of this Application, such research indicated that K&T has not represented, nor does it currently represent, any of the Reviewed Parties in matters related or unrelated to the Case, except as stated herein.

12. Subject to the Court's allowances, K&T agrees to provide legal services at its ordinary and customary hourly rates in effect on the date services are rendered. The following K&T professionals are expected to work on this engagement, and their respective billing rates are as follows:

| Attorney | 2014 Hourly Rates |
|---|---|
| Eliot L. Teitelbaum | $425[1] |

13. I believe K&T, and each member, partner and associate thereof, is a "disinterested person" with the meaning of Bankruptcy Code Sections 101(14) and 327(a).

14. To the extent that K&T subsequently discovers any facts bearing on this Verified Declaration or its representation of Debtor, this Verified Declaration will be supplemented and those facts will be fully disclosed to the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Eliot L. Teitelbaum*
Eliot L. Teitelbaum

Executed on December 15, 2014

---

[1] Mr. Teitelbaum has agreed to discount his standard rate of $500 per hour to $425 per hour.

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------- X
In re:                                                     :    Chapter 11
                                                           :
John Joseph Louis Johnson, III,                            :    Case No. 14-57104
                                                           :
                              Debtor.                      :    Judge John E. Hoffman, Jr.
                                                           :
---------------------------------------------------------- X

**ORDER GRANTING APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION AUTHORIZING THE RETENTION AND EMPLOYMENT OF KOORENNY & TEITELBAUM, LLP AS ORDINARY COURSE PROFESSIONAL *NUNC PRO TUNC* AS OF THE PETITION DATE**

This matter came to the attention of the Court upon application [Doc. No. ___] (the "Application") of Debtor and Debtor-in-Possession, John Joseph Louis Johnson, III ("Debtor"), to employ Koorenny & Teitelbaum, LLP& , 11911 San Vicente Boulevard, Suite No. 265, Los Angeles, CA 90049 ("K&T") as an ordinary course professional *nunc pro tunc* as of the Petition Date. The Court finds from the Application and the accompanying Verified Declaration submitted with the Application that K&T neither holds nor represents any adverse interest to the estate and is disinterested; Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

7099899.3                                              6

1. The Application is GRANTED and APPROVED in its entirety

2. In accordance with sections 327(a) and 328 of the Bankruptcy Code, and Rules 2014 and 6003(a) of the Bankruptcy Rules, the Debtor shall be and hereby is authorized and empowered to employ and have retained K&T as an ordinary course of professional, *nunc pro tunc,* for the matters referred to in the Application, as of the Petition Date, October 7, 2014, during the pendency of this Chapter 11 Case

3. In connection with the services rendered and to be rendered by K&T, Debtor may pay K&T if Debtor approves an appropriate statement submitted by K&T setting forth in detail, consistent with the parties' historical practices, the nature of the services rendered and expenses actually incurred, provided, however, that if K&T's fees and expenses exceeds a total of $10,000 for any month, then K&T's compensation shall be limited to $10,000 for that month until K&T shall apply to the Court for compensation and reimbursement of expenses in accordance with the provisions of sections 327, 330 and 331 of the Bankruptcy Code and any applicable order of the Court.

4. The Court shall retain jurisdiction to hear and determine all matters relating to the enforcement or interpretation of this Order.

5. This Order is immediately effective and enforceable upon entry.

**IT IS SO ORDERED.**

Submitted by,

*/s/ Marc J. Kessler*
Marc J. Kessler (0059236)
Daniel A. DeMarco (0038920)
Hahn Loeser & Parks LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 233-5168
Facsimile: (614) 221-5909
E-mail: mkessler@hahnlaw.com
dademarco@hahnlaw.com

*Attorneys for Debtor*
*John Joseph Louis Johnson, III*

cc: Default List
    Koorenny & Teitelbaum, LLP, 11911 San Vicente Boulevard, Suite No. 265, Los Angeles, CA 90049

# # #