# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | : | Case No. 14-57104 |
| | : | |
| John Joseph Louis Johnson, III, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge John E. Hoffman, Jr. |
| | : | |

**MOTION OF RFF FAMILY PARTNERSHIP, LP, FOR AN ORDER AUTHORIZING EXAMINATION AND DIRECTING PRODUCTION OF INFORMATION AND DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004**

RFF Family Partnership, LP (the "Family Partnership"), a secured creditor and party in interest herein, by and through its undersigned counsel, hereby moves this Court, pursuant to Fed. R. Bankr. P. ("Bankr. Rule") 2004, for an order (i) authorizing the Family Partnership to conduct the examination of John Joseph Louis Johnson, III (the "Debtor") on February 26, 2015, or as soon thereafter as the parties may mutually agree, and (ii) directing the production of documents and information as described herein from the Debtor no later than seven (7) days before the date of such examination, and in support thereof states as follows:

## JURISDICTION

1. This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicate for the relief requested herein is Bankr. Rule 2004.

BACKGROUND

This Case

5.      On October 7, 2014 ("Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 (the "Bankruptcy Code") of the United States Code, and has continued in the possession of his property and operation of his business affairs as a debtor in possession pursuant to sections 1107(A) and 1108 of the Bankruptcy Code.

The Secured Borrowing

6.      Prior to January 21, 2014, the Debtor and Team Johnson Investments, LLC ("Johnson Investments") requested the Family Partnership provide them with bridge loan financing on terms proposed by the Debtor and Johnson Investments. The Family Partnership accepted those proposed terms and conditions.

7.      On or about January 21, 2014, for good and valuable consideration, the Debtor and Johnson Investments made, and executed before a notary public, and delivered to the Family Partnership at Los Angeles, California, their promissory note of even date in a principal sum not to exceed One Million Eight Hundred Sixty Two Thousand Five Hundred Dollars ($1,862,500.00) (the "Promissory Note," a copy of which is attached to the Proof of Claim filed herein by the Family Partnership on December 1, 2014 (the "POC")) for a thirty (30) day term, payable February 21, 2014, plus 3% (denominated as monthly interest but appropriately considered as both an initial loan fee and then default interest if the loan was not paid at maturity). As stated in the Promissory Note, the proceeds of this bridge loan were to be used to satisfy certain indebtedness owed by the Debtor to a third party known as EOT Advisors, LLC, and to obtain a standby letter of credit and funds from a joint venture agreement between and

among the Debtor and third parties. See Promissory Note, at page 1, paragraph 1 <u>Warranty and Representation as to Existing Debt</u>, subparagraph B.

8. The Promissory Note is secured by that certain Security and Pledge Agreement of even date executed by the Debtor before a notary public (the "<u>Security Agreement</u>," a copy of which is attached to the POC), which granted the Family Partnership a blanket security interest in all assets of the Debtor, including, without limitation, the payment, proceeds, and rights under and related to the January 8, 2011 National Hockey League Standard Player's Contract and the Addendum thereto by and between the Debtor and the Los Angeles Kings Hockey Club, LP as assigned to and assumed by the Columbus Blue Jackets professional hockey organization on or about February 23, 2012 (the "<u>Player Contract</u>").

9. The Family Partnership properly perfected its security interest under the Security Agreement by filing completed form UCC-1 Financing Statements in the States of California, Michigan, Ohio, Texas and New York (the "<u>UCC-1s</u>," copies of which are attached to the POC).

10. The Promissory Note is further secured by that certain Assignment of Contracts of even date executed by the Debtor before a notary public (the "<u>Assignment of Contracts</u>," a copy of which is attached to the POC), pursuant to which the Debtor assigned to the Family Partnership, *inter alia*, all of his right, title and interest to the payment, proceeds and rights under the Player Contract and such sums due thereunder as and when payable to the Debtor.

11. As additional consideration for the bridge loan financing provided by the Family Partnership under the Promissory Note, the Debtor (a) executed before a notary public and delivered an authorization agreement of even date for direct deposit to the Columbus Blue Jackets organization (the "<u>Authorization Agreement</u>," a copy of which is attached to the POC), directing the Columbus Blue Jackets organization to pay all money due the Debtor under the

Player Contract to the Family Partnership until the principal debt and all accrued interest and expenses under the Promissory Note were paid in full, (b) warranted and represented that the Debtor would not revoke, terminate, or otherwise modify the Authorization Agreement until the Promissory Note was paid in full, and (c) agreed to execute and deliver to the Family Partnership and any and all third parties as the Family Partnership would direct, all such additional instruments as the Family Partnership shall require to perfect and maintain the Family Partnership's rights and security interests under the Promissory Note.

### The Secured Claim

12.     There is presently due and owing the Family Partnership from the Debtor under the Promissory Note, after credit for the single payment of $25,000.00 made by the Debtor, the principal sum of $1,494,945.75 plus the monthly (default-rate) interest of three percent (3%) since January 21, 2014. In addition, the Debtor is liable to the Family Partnership under the Promissory Note for all costs of collection thereunder, including attorneys' fees incurred in, *inter alia*, any bankruptcy in which the Family Partnership appears to enforce the Promissory Note (collectively with all principal, interest, costs and fees as allowed under the Promissory Note, the "Secured Claim").

### The Arbitration and the Claim for Fraud

13.     When only a single payment of $25,000.00 was made by the Debtor to the Family Partnership, notwithstanding that the Debtor was given multiple extensions of time to satisfy the Secured Claim, the Family Partnership on or about August 26, 2014 commenced an arbitration proceeding before ADR Services, Inc. in Los Angeles, California, in accordance with the terms of the Promissory Note. See Promissory Note, paragraph 10. In addition to a claim for money due on default of the Promissory Note (and for breach of contract), the Family Partnership

asserted a claim for fraud on account of, among other things, the Family Partnership's information and belief that at the time the Debtor made false representations and warranties in the Authorization Agreement, and that the Debtor had no intention of performing those representations and warranties and instead made them with the intention of deceiving the Family Partnership, entitling the Family Partnership to exemplary and punitive damages under California law.

## RELIEF REQUESTED AND BASIS THEREFOR

14.     Based upon the foregoing, the Family Partnership hereby moves this Court for an Order (i) authorizing the Family Partnership to conduct the examination of the Debtor on February 26, 2015 or as soon thereafter as mutually agreed as to all matters permitting under Bankr. Rule 2004, and (ii) directing production no later than seven (7) days prior thereto of the documents and information described in Exhibit A hereto from the Debtor. While the Family Partnership has recently timely filed the POC herein so that its claim is currently deemed allowed, the Debtor initially scheduled the claim of the Family Partnership as disputed, contingent and unliquidated. In addition, the Debtor has represented in various pleadings filed in this case so far, and in public comments, that his parents and advisors, and perhaps some Creditors, perpetrated a fraud on him with regard to a series of Loans, including that of the Family Partnership. The Debtor has also implied, both in pleadings and publically, that he knew nothing about the Family Partnership's loan, among others.

15.     This Court should grant this motion. The relief sought is clearly within the broad scope and purpose of Bankr. Rule 2004.  Bankr. Rule 2004 provides for the examination by any party in interest of "any entity" to uncover information concerning the Debtor's acts, conduct, or property or to determine the liabilities and financial condition of the Debtor or to discover any

matter which may affect the administration of the Debtor's estate or the Debtor's right to a discharge. *See*, Bankr. Rule 2004.

16. An examination pursuant to Bank. Rule 2004 may include inquiries as to "the acts, conduct, or property or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate." Bankr. Rule 2004(b).

17. The purpose of a Bankr. Rule 2004 examination is to permit a party in interest to quickly ascertain the extent and location of the estate's assets, although examination under the Rule is not so limited. *See*, *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989). The scope of the examination permitted under Rule 2004 is "very broad" and "great latitude of inquiry is ordinarily permitted." *Id*. At 137.

18. The Family Partnership requests authorization to conduct the examination of the Debtor relating to his knowledge of and participation in his financial affairs and business transactions, operations, receipts and disbursements of funds and the location of and disbursement of certain assets including, but not limited to, the claim and collateral of the Family Partnership. In addition, the Family Partnership seeks to examine the Debtor relative to certain questions surrounding the negotiation of and execution of the various loan documents referred to herein, as well as representations and warranties made by the Debtor in connection with the negotiation and execution of the various loan documents.

19. By this Motion, the Family Partnership also seeks an Order directing the Debtor to produce certain information and records.

20. The information and documents specifically sought from the Debtor are listed on Exhibit A, which is attached hereto and incorporated herein by this reference.

21. Bankr. Rule 2004(c) provides that a Court may compel the production of documents in connection with an examination thereunder. See Fed. R. Bankr. P. 2004(c).

22. The Family Partnership requests the production of such information and documents no later than seven (7) days before the scheduled examination of the Debtor at the offices of either Jeffrey M. Levinson or Craig W. Relman, counsel for the Family Partnership.

23. The Family Partnership anticipates that it may be necessary to request the production of additional documents and/or the depositions of other persons and/or entities, perhaps in conjunction with other creditors depending upon what discovery reveals. As such, the Family Partnership expressly reserves the right to make additional requests regarding the issues set forth herein, or any other issues as may be necessary and appropriate under Rule 2004.

WHEREFORE, the Family Partnership respectfully requests that this Court enter an Order: (1) authorizing the examination of the Debtor on February 26, 2015 or as soon thereafter as the parties may mutually agree, (2) directing the Debtor to produce the documents and information set forth on Exhibit A no later than seven (7) days before the scheduled deposition of the Debtor, and (3) granting such other relief as this Court deems just and proper.

Respectfully Submitted,

LEVINSON LLP

/s/Jeffrey M. Levinson
Jeffrey M. Levinson (OBR 0046746)
3783 S. Green Road
Cleveland, OH 44122
(216) 514-4935
(216) 514-4936 Fax
jml@jml-legal.com

and

        CRAIG W. RELMAN CO., L.P.A.

        /s/Craig W. Relman
        Craig W. Relman (OBR 0043867)
        James S. Schoen (OBR 0033085)
        23811 Chagrin Blvd., Suite 160
        Cleveland, OH 44122
        (216) 514-4981
        (216) 514-4987 Fax
        crelman@aol.com

        Co-Counsel for RFF Family Partnership, LP

Dated: January 11, 2015

**CERTIFICATE OF SERVICE**

I certify that on January 11, 2015, a true and correct copy of the *Motion of RFF Family Partnership, LP, for an Order Authorizing Examination and Direction Production of Information and Documents Pursuant to Fed. R. Bankr. P. 2004* was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Pamela Arndt on behalf of U.S. Trustee Asst US Trustee (Col)
Pamela.D.Arndt@usdoj.gov

Asst US Trustee (Col)
ustpregion09.cb.ecf@usdoj.gov

Paul J Battista on behalf of Creditor Capital Financial Holdings, LLC
pbattista@gjb-law.com

Amelia A Bower on behalf of Creditor Fidelity National Title Insurance Company
abower@plunkettcooney.com,    dstogner@plunkettcooney.com;bkennedy@plunkettcooney.com

Amelia A Bower on behalf of Interested Party Fidelity National Title Group
abower@plunkettcooney.com,    dstogner@plunkettcooney.com;bkennedy@plunkettcooney.com

Stephen Conway on behalf of Creditor Missouri Department of Revenue
chris.conway@dor.mo.gov

Daniel A DeMarco on behalf of Debtor In Possession John Joseph Louis Johnson, III
dademarco@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

Christian Donovan on behalf of Creditor Capital Holding Enterprises, LLC
cdonovan@lnlattorneys.com, tpadovan@lnlattorneys.com

M Colette Gibbons on behalf of Creditor EOT Advisors, LLC
Colette.Gibbons@icemiller.com, carol.builder@icemiller.com

James H Gordon on behalf of Creditor Rod Blum
jgordon@gordonlawco.com

Katherine Kakish on behalf of Creditor Michigan Department of Treasury
kakishk@michigan.gov

Michael Richard Keefe on behalf of Creditor TCF Bank
notices@statmanharris.com, mkeefe@statmanharris.com

Marc J Kessler on behalf of Debtor In Possession John Joseph Louis Johnson, III
mkessler@hahnlaw.com, cphilpot@hahnlaw.com;cmbeitel@hahnlaw.com

Jennifer L Maffett-Nickelman on behalf of Creditor Pro Player Funding LLC
THDaytonECF@thompsonhine.com, jennifer.maffett-nickelman@thompsonhine.com

Sean D Malloy on behalf of Creditor Capital Financial Holdings, LLC
smalloy@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

W Irl Reasoner on behalf of Creditor Roger and Amy Schaefer
ireasoner@habashlaw.com

Kenneth M Richards on behalf of Creditor Capital Holding Enterprises, LLC
krichards@lnlattorneys.com

Matthew G. Summers on behalf of Creditor Pro Player Funding LLC
summersm@ballardspahr.com

David M Whittaker on behalf of Creditor Cobalt Sports Capital LLC
dwhittaker@bricker.com

Charles T Williams on behalf of Creditor Manhattan Village Home Owners' Association
c.williams@wslawllc.com

LEVINSON LLP

/s/Jeffrey M. Levinson
Jeffrey M. Levinson (OBR 0046746)
3783 S. Green Road
Cleveland, OH 44122
(216) 514-4935
(216) 514-4936 Fax
jml@jml-legal.com
