15-290 (H)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | * | |
| | * | Case No.: 14-57104 |
| JOHN JOSEPH LOUIS JOHNSON, III, | * | Chapter 11 |
| | * | Judge John E. Hoffman, Jr. |
| Debtor. | * | |

**REPLY BRIEF OF CREDITOR CAPSTAR BANK IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION**

Comes now creditor CapStar Bank (hereinafter "CapStar"), by and through the undersigned counsel, for its Reply Brief in Support of its Motion for Relief from the Automatic Stay, or, in the Alternative, for Adequate Protection (Doc.147) (hereinafter the "Motion"), pursuant to 11 U.S.C. §§361, 362(d)(1), (d)(2) and 363(e), with respect to certain motor vehicles more specifically described as a 2004 Hummer H2, bearing VIN # 5GRGN23U44H119248 (hereinafter the "Hummer"), and a 2012 BMW X6, bearing VIN # 5UXFG8C55CL590774 (hereinafter the "BMW") (the Hummer and BMW are hereinafter collectively the "Collateral").

As a preliminary matter, CapStar notes that Debtor admits that the Hummer is not property of the Debtor's bankruptcy estate. *See,* Doc.16 at p.6, fn.6. Hence, cause exists to grant CapStar's Motion to the Hummer out of hand as requested by CapStar, given that the Debtor has confirmed CapStar's position that the Hummer does not come within the ambit of the automatic stay imposed by 11 U.S.C. §362(a)(2), despite the fact that the Hummer secures CapStar's loans to Debtor. *See,* Motion at ¶18.

So too must the Court sustain CapStar's Motion as to the BMW. CapStar's Motion was premised upon the following: (1) CapStar's interest in the

1

Collateral is not being protected, (2) the Collateral is not necessary for an effective reorganization, and (3) the Debtor lacks equity in the Collateral. CapStar has presented this Court with *prima facie* evidence to demonstrate that cause exists to lift the stay. Yet the Debtor has failed to present a scintilla of admissible, relevant evidence to this Court to support the erroneous legal conclusions set forth in its Objection to the Motion. (hereinafter the "Objection") (Doc.161). The Objection is replete with unsubstantiated "conspiracy" theories, which are analogous to those advanced against the majority of the creditor constituency in this case, and which have no relevance to the limited inquiry this Court must entertain when adjudicating the Motion. Nor does the Objection recognize the respective burdens of proof imposed upon Debtor and CapStar, respectively, under 11 U.S.C. §362(g).

Most important, Debtor ignores the reality that the underlying loans which precipitated Debtor's obtaining possession of the Collateral, including, but not limited to the BMW, were purchase money transactions. Assuming, *arguendo*, that Debtor's narrative can be proven, Debtor, at a minimum, cannot dispute that he received possession and continues to enjoy the BMW, which was acquired immediately after CapStar made and funded its loans to Debtor, and wired the loan proceeds to the dealer. *See,* Exhibit A, attached. Consequently, the Debtor has failed to present a reason why the stay should not be lifted as to the Collateral. As the Debtor has not presented a cogent defense to the Motion, and the Motion should be granted.

In further support, CapStar states as follows:

## MEMORANDUM OF LAW

### A. Relief is warranted as the Debtor has failed to meet his burden of proof under 11 U.S.C. §362(g).

1. Section 362(g) of the Bankruptcy Code places an unequivocal allocation of the burden of proof on motions for relief from stay, providing that

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> (2) the party opposing such relief has the burden of proof on all other issues.

2. In the case at bar, CapStar has met its burden of proof as to the Debtor's equity --- or lack thereof --- in the Collateral. Debtor's Objection is devoid of any argument to the contrary. Most important, the Debtor's Objection fails to satisfy his burden of proof on all other issues, notwithstanding the mandate of 11 U.S.C. §362(g)(2).

### i. The Motion must be granted as CapStar has met its burden of proof under 11 U.S.C. §362(d)(2)(A) as to the Debtor's lack of equity in the Collateral, and the Debtor has presented no evidence that the Collateral is necessary for an effective reorganization.

3. 11 U.S.C. §§362(d)(2) and 362(g)(1), when read in conjunction, reveal that the moving party bears the initial burden of proof as to a debtor's equity in collateral. CapStar has met this initial burden of proof via its Proof of Claim, designated herein on February 5, 2015 at Claim 14-1 (hereinafter the "Claim"). Under Bankruptcy Rule 3001(f), CapStar's Claim constitutes prima facie evidence of the validity and amount of the Claim. *See also*, *In re Tudor*, 342 B.R. 540, 550, 2005 Bankr. LEXIS 2712, 21 (Bankr. S.D. Ohio 2005), citing *Morton v. Morton* (*In re Morton*), 298 B.R. 301, 307 (B.A.P. 6th Cir. 2003). Therefore, CapStar has presented prima facie evidence of the validity and amount of its Claim.

4. Moreover, CapStar has further presented this Court with valuations of the Collateral, at Exhibit H to the Motion, obtained from the National Automobile Dealers Association (N.A.D.A.). Even if a timely objection was advanced on the basis of valuations, the indicia of value of the Collateral appended to the Motion are admissible and self-authenticating evidence under Bankruptcy Rule 9017 and Rules 803(17) and 902 of the Federal Rules of Evidence, as they were obtained from a commercial publication commonly used to value vehicles. *See*, *Tidewater Fin. Co. v. Curry* (*In re Curry*), 347 B.R. 596, Fn.2, 2006 Bankr. LEXIS 1686, 5 (B.A.P. 6th Cir. 2006).

5. Thus, CapStar has met its burden of proof as to the lack of equity in the Collateral, and the unequivocal, relevant, and admissible evidence before this Court shows that:

    a. the Collateral is valued at $65,375.00 (*see*, Exhibit H to the Motion), and

    b. CapStar is owed in excess of $295,574.02 (*see*, Claim 14-1).

Thus, the Debtor lacks equity in the Collateral, inasmuch as the aggregate amount of the Claim is greater than the value of the Collateral, and the Motion must be sustained. *See*, *Pegasus Agency v. Grammatikais* (*In re Pegasus Agency*), 101 F.3d 882, 886 (2d Cir.1996); *Nantucket Investors II v. Cal Fed.Bank* (*In re Indian Palms Assoc., Ltd.*), 61 F.3d 197, 206 (3d Cir.1995).

6. Given the weight of the evidence presented by CapStar, there can be no doubt that CapStar has met its burden of proof under 11 U.S.C. §362(d)(2)(A), and is an undersecured creditor holding a bi-furcated claim in accordance with 11 U.S.C. §506(a)(1) given the valuation of the Collateral contrasted against the balance due. CapStar acknowledges that there are two elements under §362(d)(2), and that the second element is that the Collateral must not be necessary for an effective reorganization. *See*,

            Document      Page 5 of 14

11 U.S.C. §362(d)(2)(B). However, the burden of proof as to this second statutory provision rests squarely upon the Debtor, pursuant to 11 U.S.C. §362(g)(2). Or, as the United States Supreme Court put it:

> Once the movant under §362(d)(2) establishes that he is an undersecured creditor, it is the burden of the **debtor** to establish that the collateral at issue is "necessary to an effective reorganization." See §362(g). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect.
>
> *See*, *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375-376, 108 S. Ct. 626, 632-633, 98 L. Ed. 2d 740, 751, 1988 U.S. LEXIS 448, 23, 56 U.S.L.W. 4107, Bankr. L. Rep. (CCH) P72,113, 17 Collier Bankr. Cas. 2d (MB) 1368, 16 Bankr. Ct. Dec. 1369, 16 Bankr. Ct. Dec. 1370, 5 Bankr. Ct. Rep. 107 (U.S. 1988) (emphasis in original).

7. Thus, if the Debtor intended to oppose CapStar's Motion in earnest, Debtor had to confront this binding Supreme Court precedent, coupled with the dictates of 11 U.S.C. §362(g)(2). This statutory authority and the cases interpreting same make it emphatically clear that the Debtor was required to establish that the Collateral is necessary for an effective reorganization. Moreover, this must be established by evidence, and not by a self-serving discourse based upon the putative "facts" which, in the end, ultimately resulted in Debtor receiving the benefit and possession of the BMW, which Debtor seeks to exempt under Ohio law. *See*, Doc.37 at p.29. Further, even if there were any evidence before this Court which substantiated the allegations set forth in the Objection, these same legal authorities dictate that such evidence must demonstrate not only that all of the Collateral could conceivably be necessary for reorganization, but that the Collateral must be essential to it.

8. Per the schedules, Debtor has no less than three (3) other motor vehicles at his disposal. Furthermore, CapStar posits that Debtor receives free transportation as a benefit and condition precedent for his services as an NHL player for the Columbus Blue Jackets for contests outside of Columbus, Ohio. Therefore, CapStar submits that Debtor cannot meet his burden on this prong either. *See,* Schedule B, Doc.37.

9. Therefore, CapStar's Motion is warranted, and the only evidence before the Court unambiguously demonstrates that the Debtor lacks equity in the Collateral, and the Collateral is not necessary for an effective reorganization. Accordingly good and sufficient cause exists, pursuant to 11 U.S.C. §362(d)(2), for the immediate granting of relief from the automatic stay as relating to the Collateral.

  **ii. In the alternative, the Motion must be granted as the Debtor has not met his burden of proof under 11 U.S.C. §362(d)(1) to demonstrate that CapStar's interest in the Collateral is adequately protected.**

10. In addition to the foregoing, CapStar is also entitled to relief under §362(d)(1) as a result of a lack of adequate protection of CapStar's interests in the Collateral.

11. To prevail on a motion for relief under §362(d)(1), the moving party must establish: (1) a demonstration of a debt owing from the debtor to creditor; (2) a valid security interest possessed by the creditor that secures the debt; and (3) a decline in the value of the collateral securing the debt combined with the debtor's failure to provide adequate protection of the creditor's interest. *See*, *In re Howery*, 275 B.R. 852, 853-854, 2002 Bankr. LEXIS 322, 4 (Bankr. S.D. Ohio 2002).

12. In the case at bar, CapStar has met each of these elements. As a preliminary matter, CapStar notes that the Debtor acquired the BMW based upon a purchase money transaction. Specifically, and as is provided in the Motion, on or about

April 2, 2012, CapStar made and funded a loan to Debtor in the principal sum of $89,377.00 to enable Debtor to acquire the BMW, a new vehicle. As security for Debtor's performance under the subject loan, the BMW was pledged as collateral, and CapStar granted a lien thereon. *See,* Motion at Exhibits D and F. In conjunction with the Note, CapStar immediately remitted the loan proceeds of $89,377.00 to Nick Alexander Imports of Los Angeles, California, a local BMW dealer. A copy of the FedWire receipt for the transaction is attached hereto as Exhibit A. Consistent with the purchase money transaction, the State of California issued a Certificate of Title on May 6, 2012 which identifies Debtor as owner and denotes CapStar's lien interest in the BMW. *See,* Exhibit B. In stark contrast to Debtor's position that he owned the BMW outright prior to the CapStar loans, the Certificate of Title also reflects that as of March 31, 2012, the odometer for the BMW reflected a reading of eight (8) miles. *Id.* In sum, all prongs set forth in the *Howery* test have been satisfied.

        13.    In addition to the foregoing, and as to the entirety of the Collateral, first two prongs under 11 U.S.C. §362(d)(1) were established via CapStar's Claim, filed with the Court on February 5, 2015. As highlighted more fully above, Bankruptcy Rule 3001(f) explicitly states that a proof of claim constitutes prima facie evidence of the validity and amount of the claim. Therefore, the first two elements were met by CapStar. As for the third element, the operating reports docketed by the Debtor, as Debtor-in-Possession, clearly demonstrate that the Debtor is not making payments to CapStar. *See*, Docs. 67, 104, 137, and 157. Indeed, CapStar has not received any payments since November 6, 2013. *See*, Claim 14-1 at p.27. Therefore, CapStar has sufficiently established its initial burden of showing that the continuation of the stay will cause affirmative harm to its interest in the Collateral, especially in light of the fact that there is

7

no equity in the Collateral, and given the fact that Debtor continues to possess and utilize, at a minimum, the BMW.

14. When a creditor asserts in such fashion that its interest in property of the estate is not adequately protected, in a §362(d)(1) analysis, the burden then shifts to the debtor to refute the existence of cause for relief. *See*, *Mazzeo v. Lenhart* (*In re Mazzeo*), 167 F.3d 139, 142, 1999 U.S. App. LEXIS 1933, 9, 33 Bankr. Ct. Dec. 1155 (2d Cir. N.Y. 1999). In order to refute an allegation of a lack of adequate protection, the debtor must prove that the creditor is adequately protected. Under 11 U.S.C. §362(g)(2), the debtor bears this burden by a preponderance of the evidence. *See*, *Carlton Co. v. Jenkins* (*In re Jenkins*), 2004 Bankr. LEXIS 1035, 5, 2004 WL 768574 (Bankr. S.D. Ga. Mar. 30, 2004). The burden cannot be discharged by legal argument and accusations alone.

15. Here, the Objection is plagued by a dearth of evidence which would vitiate CapStar's position that its interest in the Collateral is not adequately protected. Instead, the Debtor would have this Court look toward a plethora of red-herrings, many of which have been repackaged from allegations of misfeasance and malfeasance leveled against the vast majority of creditors in this case. Most important, the discourse set forth in the Objection has no relevance as it relates to whether or not the automatic stay should be lifted as to the Collateral, generally, or the BMW, specifically, which Debtor continues to enjoy and possess post-petition, despite CapStar's funding of a loan to allow Debtor to acquire possession of same. *See*, Exhibits A and B, attached.

16. In the absence of any evidence from the Debtor on the issue of adequate protection of CapStar's interests, the Motion should be granted without delay. The Debtor has not disputed the fact that it has not made timely payments to CapStar. Rather, as has been advanced previously in other contested matters in this case, the

8

Debtor argues that the lending facilities were the result the unscrupulous conduct of Debtor's prior advisors, agents, employees, and, indeed, his parents. The distinction, however, as it relates to CapStar, is that Debtor clearly obtained, and to this day benefits from, the proverbial "fruits" from the purported "poisonous" tree planted by others, as evidenced by Debtor's continued use, possession and enjoyment of the BMW, without paying for it.

17. In that regard, especially troubling to CapStar is the Debtor's allegation that he owned the BMW "free and clear […] prior to CapStar's notation as the alleged lien holder on its certificate of title." *See*, Objection at p.4, ¶13. As stated above, but for CapStar's wire of the purchase price for the BMW to Nick Alexander Imports of Los Angeles, the prior owner of the BMW, Debtor would not have acquired possession of the BMW. *See,* Exhibit A and B. These allegations are further contravened by the disclosures included in the Certificate of Title which demonstrates that at the time of purchase and the notation of CapStar's lien on the BMW, the odometer reading on the vehicle was eight (8) miles as of March 31, 2012. *See*, Exhibit B. It is absurd for the Debtor to seek this Court's imprimatur on his "theory" that Debtor purchased and owned the BMW prior to CapStar's loans when: (a) Nick Alexander Imports was, in fact, the prior owner and received the purchase price loaned to Debtor by CapStar, and (b) the odometer reading on the vehicle displayed eight (8) miles upon the issuance of the certificate of title for the vehicle. *See,* Exhibit B. Hence, Debtor's notions as to how he came into possession of the BMW must be disregarded and held for naught.

    iii.    **Even if a third-party fraudulently entered into the lending agreements with CapStar, the doctrine of ratification prevents the Debtor from now asserting he is not liable to CapStar.**

18. Even if the BMW was the result of malfeasance or improper conduct attributable to third-parties (which CapStar rejects) the Debtor fails to address

9

the ramifications of the doctrine of ratification by acquiescence and its application to the relief sought by CapStar in its Motion.

19. Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." *See*, *Suarez Corp. v. CBS Inc.*, 1994 U.S. App. LEXIS 9373, 13, 22 Media L. Rep. 1711 (6th Cir. Ohio Apr. 19, 1994), citing Restatement (Second) of Agency §82; *see also*, *Simon v. Amir* (*In re Amir*), 436 B.R. 1, 18, 2010 Bankr. LEXIS 2314, 33, Bankr. L. Rep. (CCH) P81,835 (B.A.P. 6th Cir. 2010)

20. Where a principal has knowledge of an act, and accepts the benefits of such acts, such action constitutes ratification. *See*, *In re Amir*, 436 B.R. at 18; *see also*, *In re Eicholz*, 310 B.R. 203, 207-08 (W.D. Wash. 2004)(in context of unauthorized bankruptcy petition, the receipt of benefits from the allegedly unauthorized act could constitute ratification). Conduct manifesting intent to treat an unauthorized act as authorized, such as failure to repudiate a contract, supports a finding of ratification. *Id*, citing *Rayonier Inc. v. Polson*, 400 F.2d 909, 915 (9th Cir. 1968).

21. In the case at bar, the Debtor does not dispute that he has enjoyed and continuously maintained possession of the BMW since April, 2012. Indeed, the Debtor has even claimed an exemption in the BMW in this case upon the filing of the chapter 11 petition in October, 2014. *See*, Doc.37 at p.29. The Debtor has clearly obtained and, at this time, retains the benefit of the BMW, without assuming the accompanying burden of payment. Under these circumstances, the doctrine of ratification is applicable, and the Debtor is estopped from arguing that any unauthorized acts by third parties, if true, and which the Debtor failed to repudiate, can be construed to overcome the relief sought in CapStar's Motion.

WHEREFORE, for all the reasons set forth herein, creditor CapStar Bank requests: (1) that this Court enter an Order lifting, terminating, modifying, dissolving and annulling the automatic stay imposed by 11 U.S.C. §362 of the Bankruptcy Code, so that it may proceed to effectuate its remedies with respect to all the above-referenced CapStar Collateral and as provided by applicable non-bankruptcy law; (2) that any Order granted by the Court in response to the herein Motion waive the fourteen (14) day stay described by Fed. R.Bankr.P. 4001(a)(3); (3) that, alternatively, this Court enter an order granting CapStar adequate protection of its interests in and for Debtor's use of the CapStar Collateral; and (4) that this Court grant CapStar any and all such other relief, at law and in equity, to which this Court deems it entitled, including, without limitation, all attorney's fees.

Dated: March 5, 2015
Cincinnati, Ohio

        Respectfully submitted,

        By:/s/ *Jeremy R. Mason, Esq.*
        Jeremy R. Mason (0072389)
        MASON, SCHILLING & MASON CO., L.P.A.
        Attorneys for CapStar Bank
        P.O. Box 498367
        5181 Natorp Drive, Suite 202
        Cincinnati, Ohio 45249
        Telephone (513) 489-0829, Ext.226
        Facsimile (513) 489-0834
        jeremy@mason-law.com

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Motion has been served upon the parties listed below, via Regular U.S. Mail and/or electronically through the Court's ECF Notification System at the email address registered with the Court, this 5 day of March, 2015:

SERVED ELECTRONICALLY THROUGH THE COURT'S ECF SYSTEM:

| | |
|---|---|
| Asst US Trustee (Col): | ustpregion09.cb.ecf@usdoj.gov |
| Pamela Arndt, Esq. | Pamela.D.Arndt@usdoj.gov |
| Paul J. Battista, Esq. | pbattista@gjb-law.com |
| Amelia A. Bower, Esq. | abower@plunkettcooney.com |
| Stephen Conway, Esq. | chris.conway@dor.mo.gov |
| Daniel A. DeMarco, Esq. | dademarco@hahnlaw.com |
| Christian Donovan, Esq. | cdonovan@lnlattorneys.com |
| M.Colette Gibbons, Esq. | Colette.Gibbons@icemiller.com |
| James H. Gordon, Esq. | jgordon@gordonlawco.com |
| Katherine Kakish, Esq. | kakishk@michigan.gov |
| Michael Richard Keefe, Esq. | notices@statmanharris.com |
| Marc J. Kessler, Esq. | mkessler@hahnlaw.com |
| Jeffrey Mark Levinson, Esq. | jml@jml-legal.com |
| Jennifer L. Maffett-Nickelman, Esq. | THDaytonECF@thompsonhine.com |
| Sean D. Malloy, Esq. | smalloy@mcdonaldhopkins.com |
| Patrick M. Quinn, Esq. | pmq@brunnerlaw.com |
| W. Irl Reasoner, Esq. | ireasoner@habashlaw.com |
| Craig W. Relman, Esq. | crelman@aol.com |
| Kenneth M. Richards, Esq. | krichards@lnlattorneys.com |
| Matthew G. Summers, Esq. | summerssm@ballardspahr.com |
| David M. Whittaker, Esq. | dwhittaker@bricker.com |
| Charles T. Williams, Esq. | c.williams@wslawllc.com |
| John F. Young, Esq. | jyoung@markuswilliams.com |

and on the following by Regular U.S. Mail addressed to:

INTERESTED PARTIES/PARTIES AFFECTED BY RELIEF SOUGHT:

John Joseph Louis Johnson, III, Debtor
4110 Hanover Square Drive
Gramercy Place
Dublin, OH 43016-7086

John Joseph Louis Johnson, II
2705 Lowell Rd.
Ann Arbor, MI 48103

Kristina Alexandra Johnson
2705 Lowell Rd.
Ann Arbor, MI 48103

Kristina Johnson
48 Malaga Way
Manhattan Beach, CA 90266-7201

TWELVE (12) LARGEST UNSECURED CREDITORS:

Cobalt Sports Capital, LLC
210 University Blvd.
Denver, CO 80206

City of Manhattan Beach, CA
1400 Highland Ave.
Manhattan Beach, CA 90266

Kingspoke Fund, L.P.
c/o Outpost Capital Management
P.O. Box 4556
Greenwich, CT 06831

Keller, Turner, Ruth
700 12th Ave., S.
Suite 302
Nashville, TN 37203

Jack Brewer
c/o The Jack Brewer Foundation
80 S. 8th St., Suite 900
Minneapolis, MN 55402

Rebecca Rakenski
2144 Golferesr
Commerce Township, MI 48382

Gardner Haas PLLC
Two Lincoln Center
5420 LBJ Freeway, Suite 1200
Dallas, TX 75240

McDonald Corano Wilson
100 W. Liberty St., 10th Floor
Reno, NV 89501

Levy, Small & Lallas
815 Morgan Drive
Los Angeles, CA 90049

Michael and Michelle Traylor
48 Malaga Way
Manhattan Beach, CA 90266

Erin and Jeff Canaday
5889 Northcliff Blvd.
Dublin, OH 43016

US Storage Centers-South Bay
14680 Aviation Blvd.
Hawthorne, CA 90250

                                              /s/ *Jeremy R. Mason, Esq.*