UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

-------------------------------------------------------x

In re:                                  :

John Joseph Louis Johnson, III,      :

                 Debtor.      :

-------------------------------------------------------- x

Chapter 11

Case No. 14-57104

Judge John E. Hoffman, Jr.

## MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ENTRY OF A PROTECTIVE ORDER

John Joseph Louis Johnson, III ("Debtor"), the Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case, by and through his undersigned counsel, respectfully moves the Court for entry of an Order, pursuant *inter alia* to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"),[1] Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 26 of the Federal Rules of Civil Procedure (the "Civil Rules"), and Rule 7026-1(b) of the Local Rules of Bankruptcy Procedure (the "Local Rules") for protection from certain discovery. In support hereof, Debtor respectfully states as follows:

### BACKGROUND

1.      On October 7, 2014 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      Debtor is continuing in possession of his properties and assets and is operating and managing his business as debtor-in-possession, pursuant to Sections 1107 and 1108.

3.      No committee, trustee, or examiner has been appointed in the above-captioned case.

---

[1] Unless otherwise defined or stated herein, all "Section" references are to the Bankruptcy Code.

4.      On March 5, 2015, Debtor filed a *Motion to Convert Case to Chapter 7 and Granting Related Relief* [Dkt. No. 167] (the "Conversion Motion"), which is contested by RFF Family Partnership, LP ("RFF") [Dkt. No. 184], Capital Holdings Enterprises, LLC ("Capital Enterprises") [Dkt. No. 185], Capital Financial Holdings, LLC ("Capital Financial") [Dkt. No. 186], Rod Blum ("Blum") [Dkt. No. 187], EOT Advisors, LLC ("EOT") [Dkt. Nos. 190 & 193], Pro Player Funding, LLC ("Pro Player") [Dkt. No. 191], and Cobalt Sports Capital, LLC ("Cobalt") [Dkt. No. 192].[2]   RFF, Capital Enterprises, Cobalt and Blum are hereinafter collectively referred to as the "Noticing Parties." The Noticing Parties, together with EOT, Pro Player, and Capital Financial, are hereinafter referred to collectively as the "Objecting Claimants."

5.      On April 14, 2015, RFF and Blum, respectively, served Debtor's counsel with *Creditor RFF Family Partnership LP's Notice of Deposition Duces Tecum of Debtor John Joseph Louis Johnson, III* [Dkt. No. 223, Ex. A, at 7 – 13] (the "RFF Notice") and the *Cross-Notice of Taking Deposition Deuces Tecum of John Joseph Louis Johnson, III* [Dkt. No. 223, Ex. A, at 14 – 20] (the "Blum Cross-Notice").

6.      On April 17, 2015, Capital Enterprises served Debtor's counsel with the *Cross Notice of Deposition Duces Tecum of Debtor John Joseph Louis Johnson, III by Creditor Capital Holdings Enterprises, LLC* [Dkt. No. 223, Ex. A, at 21 – 29] (the "Capital Enterprises Cross-Notice"). On or about April 17, 2015, Cobalt Sports Capital, LLC served Debtor's counsel with *Cobalt Sports' Cross-Notice of Deposition and Request to Produce Documents (Motion to Convert, ECF No. 167)* [Dkt. No. 223, Ex. A, at 30 - 36] (the "Cobalt Cross-Notice" and,

---

[2] The Office of the United States Trustee (the "UST"), while supportive of conversion, filed a limited objection to Debtor's request for *nunc pro tunc* relief [Dkt. No. 183].

together with the RFF Notice, the Blum Cross-Notice and the Capital Enterprises Cross-Notice, collectively, the "Notices").[3] The Notices are attached hereto collectively as Exhibit B.

7.      Pursuant to the Notices, the Noticing Parties seek to compel the attendance of Debtor at a deposition on May 12, 2015, and the production of various documents. Though other Objecting Claimants have not, as of the filing of this motion, served notices similar to the Notices at issue, they have indicated, to one degree or another, a desire to participate in the depositions requested by the Noticing Parties.

## RELIEF REQUESTED

8.      Debtor respectfully requests the entry of an Order, substantially in the form of the proposed protective order attached hereto as Exhibit A. By the filing of this Motion, the Debtor is not suggesting that depositions should not ever occur, but merely that they are premature and unnecessary for purposes of the pending Motion to Convert where there already is sufficient indisputable facts before the Court to make a determination.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334. Consideration of the motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

## LAW AND ARGUMENT

10.      Civil Rule 26 applies in contested matters such as the proceedings in respect of the Conversion Motion. Fed. R. Bankr. P. 7026. Civil Rule 26 provides, in pertinent part:

> A party or any person from whom discovery is sought may move
> for a protective order in the court where the action is pending . . . .

---

[3] On March 26, 2015, Capital Financial served Debtor's counsel with *Creditor Capital Financial Holdings, LLC's Notice of Taking Deposition Duces Tecum of John Joseph Louis Johnson, III* [Dkt. No. 223, Ex. A, at 1 – 6] (the "Capital Financial Notice"), seeking a deposition on April 3, 2015. Capital Financial's counsel notified Debtor's counsel on April 1, 2015, that it would not proceed with the noticed date of April 3, 2015. Subsequently, Capital Financial has not re-noticed or cross-noticed a deposition.

The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A)     forbidding the disclosure or discovery;

(B)     specifying terms, including time and place, for the disclosure or discovery;

(C)     prescribing a discovery method other than the one selected by the party seeking discovery; [or]

(D)     forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . .

Fed. R. Civ. P. 26(c)(1)(A)-(D).

11.     Local Rule 7026-1, similarly provides, in pertinent part:

[A] party seeking discovery or a protective order may proceed with the filing of a motion to compel discovery or a motion for a protective order. Such a motion shall be accompanied by a supporting memorandum and an affidavit of counsel setting forth what extrajudicial means have been attempted to resolve the discovery dispute, including a statement that the movant has met in person or by telephone with opposing counsel, or has offered in writing to meet in person or by telephone with opposing counsel on one or more specific dates and the offer has been refused, or that the movant has not received a written response to the offer.

Loc. R. Bankr. P. 7026-1(b).

### *The Notices Are Procedurally Deficient*

12.     Pursuant to a perplexing *"duces tecum"* request, the Noticing Parties collectively request a broad swath of no less than 30 categories of documents and communications from Debtor.  This request is procedurally deficient for several reasons.  Civil Rule 34 governs document requests from a party in a contested matter.  Fed. R. Bankr. P. 9014(c) (Bankruptcy Rule 7034 applies in contested matters); Fed. R. Bank. P. 7034 (providing that Civil Rule 34 applies); and Fed. R. Civ. P. 34 (providing protocol for requesting documents).  *"Duces tecum"*

requests, by contrast, are issued to non-parties pursuant to Bankruptcy Rule 9016 and Civil Rule 45. Even if the "*duces tecum*" requests were construed as requests for production under Civil Rule 34, the Noticing Parties did not afford Debtor the minimum 30-day response period. Fed. R. Civ. P. 34(b)(2)(A).

### *There is No Legitimate Basis to Depose Debtor*

13.    The Noticing Parties' request for unlimited time and multiple depositions of Debtor is unduly burdensome, prejudicial and costly on a limited issue where there already is sufficient indisputable facts before the Court to make a determination relating to the Motion to Convert.[4]

14.    Debtor seeks to convert his case pursuant to Section 1112(a), which provides that Debtor may convert his case unless: "(1) the debtor is not a debtor in possession; (2) the case originally was commenced as an involuntary case under this chapter; or (3) the case was converted to a case under this chapter other than on the debtor's request." 11 U.S.C. § 1112(a). None of the factual criteria prohibiting conversion under Section 1112(a) are in dispute. The Court may certainly take judicial notice of this fact. Although the Objecting Claimants contest Debtor's absolute right to convert under Section 1112(a), this determination is a legal issue, for which the only requisite factual findings are not disputed and the subject of judicial notice.

15.    *Marciano v. Fahs, et al. (In re Marciano)*, 459 B.R. 27 (B.A.P. 9th Cir. 2011) *aff'd* 708 F.3d 1123 (9th Cir. 2013), is an analogous and highly instructive opinion under the present circumstances. In *Marciano*, an individual was the subject of an involuntary Chapter 11

---

[4] The Blum Cross-Notice advises that he anticipates counsel for one claimant serving as lead counsel, inquiring as to matters relating to all claimants, but he reserves the right for all counsel to inquire further with no limitation. Essentially, without a limitation, each claimant may assert that he or it is entitled to his or its full seven hours of inquiry. Moreover, with the pending motion for the appointment of a trustee, these very same issues of good faith and alleged fraud will be unnecessarily revisited multiple times. If a deposition is somehow merited on the limited scope of the Conversion Motion, which it is not, there has to be fair limitations on the amount of time, issues of inquiry and additional protections, such as a reduction of time in future depositions to avoid duplication, undue burden and harassment.

petition, with respect to which the petitioning creditors filed a motion for summary judgment and

the involuntary debtor sought discovery on the petitioning creditors' good faith. *Id.* at 32 and 43.

The bankruptcy court, however, entered a protective order staying discovery because there were

sufficient indisputable facts before the court to make a determination under Section 303(b)—the

provision under which the petitioning creditors' sought relief—and because Section 303(b)

"'does not contain any language regarding the good faith of the petitioning creditors.'" *Id.*

quoting *Marciano v. Fahs, et al. (In re Marciano)*, 446 B.R. 407, 430 (Bankr. C.D. Cal. 2010).

16.    The circumstances here are *indistinguishable* to those in *Marciano*: there are

sufficient indisputable facts before the Court to make a ruling under Section 1112(a), and Section

1112(a) contains no language regarding Debtor's good faith. The Court is amply justified in

limiting discovery, particularly given that it will impose a significant financial burden on the

estate and further delay.

### The Substance of the Notices Fails to Support the Requested Relief

17.    The Noticing Parties may assert that a deposition is necessary based on the

substance of their document requests, however, this is unavailing. In the case of RFF, it

requested:

1.    All documents and communications, including [electronically-stored information], relating to the Debtor's decision to file the Conversion Motion and the Reply.

2.    All documents and communications, including [electronically-stored information], in the Debtor's custody, possession or control that supports the Debtor's allegations in the Conversion Motion and the Reply.

3.    All documents and communications, including [electronically-stored information], relating to the Debtor's decision concerning the relief sought in the Conversion Motion and the Reply.

(RFF Notice at 7.) Blum, Cobalt and Capital Enterprises, by contrast, focus their respective

Notices *almost exclusively* on information pertaining to the nature, extent, validity and priority of

their alleged claims and individual dealings with Debtor.  (Blum Notice, ¶¶ 1-14; Cobalt Notice

¶¶ 1-8; Capital Enterprises Notice, ¶¶ 1-13.)

18.    In addition to the fact that these categories are exceedingly broad, unduly

burdensome, and plainly seek information subject to the attorney-client privilege and/or work

product doctrine, they also do not relate to facts or evidence pertinent to limiting a debtor's right

to convert a Chapter 11 case under Section 1112(a).  For example, even assuming *arguendo* that

the Supreme Court's holding regarding good faith in a conversion from a Chapter 7 to a Chapter

13 case, *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007), applied to Debtor's proposed

conversion from Chapter 11 to Chapter 7, unlike *Marrama*, Debtor did not conceal assets.

Noticing Parties make no such allegation here.  Tellingly, they do not seek any discovery about

concealed assets.

19.    Similarly, even assuming *arguendo* that conversion would not be permitted if the

case were subject to dismissal under Section 707(b)(3)(A), and further assuming that Section

707(b)(3)(A) applied, unlike the circumstances in *In re Goble*, 401 B.R. 261 (Bankr. S.D. Ohio

2009), there are no alleged facts involving "concealed or misrepresented assets and/or sources of

income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large

single debt based on conduct akin to fraud, misconduct, or gross negligence." *Id.* at 274.

Noticing Parties do not seek any discovery regarding concealed or misrepresented assets, as they

would have no basis to do so.

20.    Noticing Parties also may assert a deposition is necessary based upon the April

21, 2015, reply brief filed by RFF, stating it "must" depose Johnson about:

> A.    The Debtor's asserted good faith in both the formulation and the
> proposal to the objecting creditors of his claimed 'fair and
> reasonable methodology' for a plan;

B.     The Debtor's asserted good faith both in conducting his investigation into his financial affairs and making his determination not to pursue claims of the estate;

C.     The Debtor's asserted good faith both in formulating and in proposing his 'reasonable and ordinary' budget while in chapter 11;

D.     The Debtor's asserted good faith in pursuit of bankruptcy protection, including with respect to the completeness and accuracy of the information contained in his schedules and statement of financial affairs as originally filed and any amendments thereto; and

E.     The Debtor's qualifications to be a debtor under chapter 7 of the Bankruptcy Code.

(*Reply in Support of Emergency Motion of RFF Family Partnership, LP, (A) for Status Conference Regarding Motion of Debtor and Debtor in Possession for an Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 and Granting Related Relief and (B) Request for Hearing* [Dkt. No. 223], ¶ 3.)

21.    These "categories" are not categories of facts at all – they are **arguments**. They do not identify facts or evidence. Rather, they demonstrate that the Conversion Motion turns on legal issues. Moreover, these "areas of inquiry" indicate that there are no allegations of any conduct triggering good-faith challenges remotely akin to those made in *Marrama* or *Goble*. If anything, these "areas of inquiry" serve only to underscore that the Noticing Parties have not identified any set of facts that, if proven, would provide a legal justification for denying conversion.

### *The Substance of the Notices Does Not Reveal The Noticing Parties' Entire Agenda*

22.    The Noticing Parties present their Notices as pertaining to the Conversion Motion, when in fact they have a much broader agenda. This agenda includes -

i.　the motion for appointment of a trustee (the "Trustee Motion") filed by Capital Financial [Dkt. No. 189];

ii.　the non-dischargeability actions identified as-

    a)　Capital Financial Holdings, LLC v. Johnson, III (Adv. Proc. No. 15-2107) (the "Capital Financial Adversary");

    b)　EOT Advisors, LLC v. Johnson, III (Adv. Proc. No. 15-2108) (the "EOT Adversary"); and

    c)　RFF Family Partnership, LP v. Johnson, III (Adv. Proc. No. 15-2117) (the "RFF Adversary", and together with the Capital Financial Adversary and the EOT Adversary, the "Adversaries");

iii.　Debtor's objections to claims of the Objecting Claimants (as described in the Reply Brief, ¶¶ 18 - 47) (collectively, the "Objections"); and

iv.　Debtor's claims on behalf of his estate for affirmative relief against the Objecting Claimants (as described in the Reply Brief, ¶¶ 18 - 47) (collectively, the "Estate Claims").

23.　The Objecting Claimants have cast a wide net in seeking discovery on the Conversion Motion. Their purpose in seeking discovery prematurely on matters not before the Court on the Conversion Motion is evident from their contentions in the pending Trustee Motion and the pending Adversaries (at least as to RFF), as well as the positions they are staking on the yet-to-be filed Objections and Estate Claims.

24.　The Objecting Claimants plainly intend to depose Debtor for as long as possible, as many times as possible, on as broad a basis as possible, without regard to any effort to consider that the discovery required for the Conversion Motion, if any, is significantly narrower and certainly different than any that might be permitted on the Trustee Motion, let alone the Adversaries. The Objecting Claimants bring this same agenda (i.e., "more is better ") to gain leverage with respect to the yet to be filed Objections and Estate Claims.

25.　Debtor ought not be subjected to such oppressive, unduly burdensome, indiscriminate, expansive, expensive and inappropriate use of discovery sought by the Objecting

Claimants. Their rights to discovery, if any, with respect to the Conversion Motion is narrowly circumscribed under Section 1112. A protective order reinforcing those limits is necessary.

### *Extrajudicial Efforts to Resolve Disputes*

26.     Local Rule 7026-1(b), Debtor, by and through counsel, attempted in good faith to resolve the matters addressed herein, among other things, by way of telephone conferences with counsel. (*Affidavit of Marc J. Kessler*, attached hereto as <u>Exhibit C</u>.) Despite such discussions, the parties have been unable to reach an agreeable scope of discovery.

### <u>REQUEST FOR WAIVER OF MEMORANDUM OF LAW</u>

27.     Debtor respectfully requests that the Court waive the memorandum of law requirement of Local Rule 7026-1(b) insofar as it pertains to this motion only. In support of this request, Debtor submits that the relief requested herein is not novel, but nevertheless is supported by the law and authorities cited *supra* herein.

### <u>CONCLUSION</u>

28.     Cause exists to enter a protective order limiting the discovery sought by the Noticing Parties and any other Objecting Claimants. On this record, discovery simply is unnecessary in view of the threshold legal issues presented by the Conversion Motion and objections filed by the Objecting Claimants. Accordingly, the discovery sought by the Noticing Parties (and any other Objecting Claimants seeking to join in their requests to depose Debtor) is exactly the kind of oppressive, unduly burdensome, and expensive discovery from which Debtor, and his estate, justly should be protected.

WHEREFORE, Debtor respectfully requests the entry of an Order, substantially in the form of the proposed Order attached hereto as <u>Exhibit A</u>, (a) granting this motion; (b) waiving the memorandum of law requirement of Local Rule 7026-1(b) insofar as the requirement pertains

to this motion only; and (c) granting related relief and such other and further relief to which

Debtor is justly entitled.

Dated: May 8, 2015                                         Respectfully submitted by:


                                                          /s/ Marc J. Kessler
                                                          Marc J. Kessler (0059236)
                                                          Daniel A. DeMarco (0038920)
                                                          Rocco I. Debitetto (0073878)
                                                          Hahn Loeser & Parks LLP
                                                          65 E. State Street, Suite 1400
                                                          Columbus, Ohio 43215
                                                          Telephone:    (614) 233-5168
                                                          Facsimile:    (614) 221-5909
                                                          mkessler@hahnlaw.com
                                                          dademarco@hahnlaw.com
                                                          ridebitetto@hahnlaw.com

                                                          *Counsel for Debtor and
                                                          Debtor-in-Possession*


## CERTIFICATE OF SERVICE

I certify that on May 8, 2015, a true and correct copy of the *Motion of Debtor and Debtor-in-Possession for Entry of a Protective Order* was served via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Pamela Arndt Pamela.D.Arndt@usdoj.gov

- Asst US Trustee (Col) ustpregion09.cb.ecf@usdoj.gov

- Paul J Battista pbattista@gjb-law.com

- Amelia A Bower abower@plunkettcooney.com, dstogner@plunkettcooney.com;bkennedy@plunkettcooney.com

- Patrick Burns patrick.burns@dinslaw.com, lisa.geeding@dinslaw.com

- Stephen Conway chris.conway@dor.mo.gov

- Daniel A DeMarco dademarco@hahnlaw.com,
  hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

- Christian Donovan cdonovan@lnlattorneys.com, tpadovan@lnlattorneys.com

- M Colette Gibbons Colette.Gibbons@icemiller.com, carol.builder@icemiller.com

- James H Gordon jgordon@gordonlawco.com

- Katherine Kakish kakishk@michigan.gov

- Michael Richard Keefe notices@statmanharris.com, mkeefe@statmanharris.com

- Marc J Kessler mkessler@hahnlaw.com,
  cphilpot@hahnlaw.com;cmbeitel@hahnlaw.com;peckenrode@hahnlaw.com

- Jeffrey Mark Levinson jml@jml-legal.com

- Jennifer L Maffett-Nickelman THDaytonECF@thompsonhine.com, jennifer.maffett-nickelman@thompsonhine.com

- Sean D Malloy smalloy@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

- Jeremy R Mason mssbkcy@fuse.net

- Patrick M Quinn pmq@brunnerlaw.com, amb@brunnerlaw.com

- W Irl Reasoner ireasoner@habashlaw.com

- Craig W Relman crelman@aol.com

- Kenneth M Richards krichards@lnlattorneys.com

- David M Whittaker dwhittaker@bricker.com

- Charles T Williams c.williams@wslawllc.com

- Christopher M. Winter cmwinter@duanemorris.com

- John F Young jyoung@markuswilliams.com,
  jtokuoka@markuswilliams.com;docket@markuswilliams.com

And by regular U.S. mail, postage prepaid, on:

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Susan Daub
5879 NW 124th Way
Coral Springs, FL 33076

Keller Williams Realty
401 S First Street
Burbank, CA 91502

Yale K Kim
515 S Figueroa St 7th Flr
Los Angeles, CA 90071-3398

Sean D. Malloy
c/o McDonald Hopkins LLC
600 Superior Avenue East, Ste 2100
Cleveland, OH 44114

Eliot L. Teitelbaum
Koorenny & Teitelbaum LLP
11911 San Vicente Blvd Ste 265
Los Angeles, CA 90049

as well as to the following parties:

## U.S. Trustee

Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215

## Debtor

John Joseph Louis Johnson, III
5309 Adventure Drive
Dublin, OH 43017

## Top Twenty General Unsecured Creditors

Cobalt Sports Capital, LLC
210 University Boulevard
Denver, CO 80206

Rebecca Rakenski
2144 Golferesr
Commerce Township, MI 48382

McDonald Corano Wilson
100 West Liberty St., 10th Floor
Reno, NV 89501
Michael and Michelle Traylor

Jack Brewer
c/o The Jack Brewer Foundation
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
Gardner Haas PLLC
Two Lincoln Center
5420 LBJ Freeway, Suite 1200
Dallas, TX 75240
Levy, Small & Lallas
815 Morgan Drive
Los Angeles, CA 90049
Erin and Jeff Canaday

48 Malaga Way
Manhattan Beach, CA 90266
US Storage Centers-South Bay
14680 Aviation Blvd.
Hawthorne, CA 90250
Keller, Turner, Ruth
700 12th Avenue, S.
Suite 302
Nashville, TN 37203

5889 Northcliff Blvd.
Dublin, OH 43016
City of Manhattan Beach
1400 Highland Avenue
Manhattan Beach, CA 90266
Kingspoke
c/o Outpost Capital Mgmt.
PO Box 4556
Greenwich CT 06831


/s/ Marc J. Kessler
*One of the Attorneys for Debtor/Plaintiff*
*John Joseph Louis Johnson, III*