1

                UNITED STATES BANKRUPTCY COURT
                 SOUTHERN DISTRICT OF OHIO
                 EASTERN DIVISION (COLUMBUS)


                                    *
     IN RE:                         *   Case No. 14-57104
                                    *
                                    *
     JOHN JOSEPH LOUIS JOHNSON, III* May 10, 2018
                                    *
   * * * * * * * * * * * * * * * * *


                   TRANSCRIPT OF HEARING
         BEFORE THE HONORABLE JOHN E. HOFFMAN, JR.
               UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:


MARC KESSLER, ESQ.
DANIEL DeMARCO, ESQ.
For the Reorganized Debtor


ROBERT KRACHT, ESQ.
DAYTON PARCELLS, ESQ.
For RFF Family Partnership, LP

                   Transcribed by:
           - - - - - - - - - - - - - -
          Legal Electronic Recording, Inc.
                5230 St. Clair Avenue
                Cleveland, Ohio  44103
          (216) 881-8000  Fax 881-DEPO (3376)

Proceeding recorded by electronic sound recording,
transcript produced by transcription service.
Job #18G5096

1           (Proceedings begin at 3:05 p.m.)

2           THE COURT:  This is John Hoffman, just

3    checking with the parties on the line.  Do we have

4    everyone?  Who do we have?

5           MR. KRACHT:  We have Robert Kracht, new

6    counsel, along with Dayton Parcells.  I don't hear

7    anybody else on the line, Your Honor.  I'm only

8    speaking for myself.

9           THE COURT:  Okay.  Thank you, Mr. Kracht and

10   Mr. Parcells.  I guess we're still waiting to have Mr.

11   DeMarco dial in.

12          Is that Mr. DeMarco?

13          MR. DeMARCO:  Yes, it is, Your Honor.  Good

14   afternoon.

15          THE COURT:  Good afternoon.  Is there anyone

16   else on behalf of Mr. Johnson appearing telephonically

17   this afternoon?

18          MR. KESSLER:  Your Honor, it's Marc Kessler,

19   who is appearing, as well.

20          THE COURT:  All right.  So we have Mr.

21   Kessler and Mr. DeMarco for the Reorganized Debtor,

22   Jack Johnson, in Case Number 14-57104.  We have Mr.

23   Kracht and Mr. Parcells for RFF.

24          The Court set this matter for a status

25   conference to deal with the pending motion for stay

1  pending appeal filed by RFF Family Partnership, Limited

2  Partnership, as well as the Reorganized Debtor's motion

3  to certify the judgment the Court rendered on the

4  alleged violation of the automatic stay by RFF.  And

5  that was the purpose of today's conference.

6         Immediately prior to the conference we

7  received word from the parties to my courtroom deputy,

8  Ms. Vickers, that there is a settlement of at least

9  this matter.  I'm not sure I really appreciated the

10  details.  So let me, I guess, turn it over to whoever

11  wishes to speak first advising the Court of kind of

12  where we stand on the matters that were set for a

13  status conference today and, more globally, the pending

14  adversary proceeding.  So whoever wishes to proceed may

15  do so.

16         MR. KESSLER:  Sure.  Your Honor, it's Marc

17  Kessler.  So the parties have worked diligently

18  together to come up for a resolution and a settlement,

19  not just for the matter that brings us today on the

20  resolution of the judgment, but on all matters relating

21  to the adversary proceeding, as well as the bankruptcy

22  for RFF.

23         THE COURT:  All right.  Given the history in

24  this case, where we were advised previously last summer

25  that the parties had a global resolution, the Court

4

1  would like to have the parties recite the basic terms

2  on the record and I'd like to have an acknowledgment by

3  both sides that the matter has indeed been settled on

4  the terms recited.  So Mr. Kessler or Mr. DeMarco, you

5  may proceed.

6        MR. KESSLER:  Sure.  Your Honor, thank you

7  for the courtesy of that and also for the Court's

8  assistance and I say that not just on behalf of the

9  Debtor but all parties, and that also extends to your

10 staff.

11       What I would report to the Court as our

12 agreed-upon resolution is that the Debtor would agree

13 to pay RFF a one-time total cash payment of

14 $1,222,373.16 to resolve the adversary proceeding.

15       THE COURT:  I'm sorry.  I'm sorry, Mr.

16 Kessler, could you give me those precise numbers again

17 a little more slowly?  One million two hundred --

18       MR. KESSLER:  Sure.  I'll be happy to, Your

19 Honor.  It's $1,222,373.16, to resolve the adversary

20 proceeding.

21       THE COURT:  All right.

22       MR. KESSLER:  RFF would then pay the Debtor

23 $522,373.16 to resolve the contempt judgment and

24 appeal.

25       THE COURT:  Very well.

DocuSign Envelope ID: 7C4FE43B1D4F51F9A-9005-571A1BD28EAF

5

1           MR. KESSLER:  RFF would agree that as part of

2    the resolution to assign to the Debtor any and all

3    rights of RFF to the monies that have been held in

4    trust for the sale of the Ferrari, which I believe,

5    Your Honor, was $91,000.

6           THE COURT:  All right.  I have that.  Thanks.

7           MR. KESSLER:  We would agree to mutual

8    general releases between RFF and the Debtor, upon

9    settlement of all claims, including, but not limited

10   to, those related to the adversary proceeding, the

11   Chapter 11 case, the plan, the stay violation and any

12   other issues that the parties may have that have

13   culminated from the facts of this case.  But I want to

14   be very clear that the releases would specifically

15   exclude the parents, which is John Joseph Louis

16   Johnson, II, and Kristina Johnson, and RFF's right to

17   pursue any claims it may have against them.

18           THE COURT:  Very well.  Anything else, Mr.

19   Kessler?

20           MR. KESSLER:  Yes, Your Honor.  We agreed

21   that nothing contained in the settlement agreement or

22   in the release would preclude RFF from asserting claims

23   or filing a lawsuit against any non-party to the

24   agreement, including, but not limited to, any

25   malpractice claims that it feels it may have in this

DocuSign Envelope ID: 7C4FE43B1Q4E54F14-9005-571A180P8EAF
Case 2:14-bk-57104  Doc 1002  Filed 07/19/18  Entered 07/19/18 08:30:24  Desc
Main Document  Page 6 of 23

6

1  proceeding.

2          THE COURT:  Understood.  Understood.

3          MR. KESSLER:  The only other concept, Your

4  Honor, is we've agreed to assist, answer questions,

5  that RFF and/or its counsel may have relating to

6  certain discovery type of issues that we've had in the

7  past.  And we're happy to coordinate and work with RFF

8  accordingly.

9          THE COURT:  Very well.  Anything further, Mr.

10  Kessler?

11          MR. KESSLER:  No, Your Honor.  Those would be

12  the terms that we have agreed to and I believe have

13  articulated to the Court.

14          THE COURT:  Let me just ask one clarifying

15  question before I ask Mr. Kracht and Mr. Parcells to

16  confirm that that's the parties' understanding.

17          Will there actually be two different

18  transfers of funds, or will the amount of the judgment

19  against RFF be set off against the amount that the

20  Debtor will pay to RFF and the Debtor will then be just

21  paying the net amount?

22          MR. KESSLER:  I think that's one issue, Your

23  Honor, that we just have not finalized yet, as to how -

24  - whether it would be a setoff or two checks.  And I

25  think that will be a conversation that will be

DocuSign Envelope ID: 7C4FE43B04E54F0A-9005-571A1808BEAF
Case 2:14-bk-57104   Doc 1002   Filed 07/19/18   Entered 07/19/18 08:30:24   Desc
Main Document      Page 7 of 23

7

1  furthered by Mr. Parcells and the Debtor.  Debtor's

2  counsel, that is.

3          THE COURT:  Very well.  Thank you, Mr.

4  Kessler.  Either Mr. Kracht or Mr. Parcells, does that

5  fully state and accurately state the terms of the

6  parties' global settlement?

7          MR. KRACHT:  There's one term that is not

8  included and one that's clarification.  The discovery,

9  yes, the Debtor has agreed to cooperate with some

10  additional discovery we may require in connection with

11  further proceedings.  And we haven't fine-tuned this,

12  but the concept was that the Debtor and RFF would

13  stipulate to relief from stay and reinstatement of the

14  arbitration award relative to RFF's claims against the

15  parents only.

16          THE COURT:  All right.  That was the omitted

17  term?

18          MR. KRACHT:  Yes.

19          THE COURT:  All right.  Is that your

20  understanding of the deal, Mr. Kessler?

21          MR. KESSLER:  Your Honor, when we spoke and

22  we did not have an opportunity to speak yet today, but

23  I didn't understand that to be a condition of the

24  settlement.  What we agreed to do is to cooperate and

25  that was part of the cooperation that I was referring

1   to, with RFF, whereby if they wanted to file a motion

2   or other procedural aspect, which, frankly, I don't

3   know what that is, as to how they would reactivate the

4   arbitration award against the parents.  In fact, I'm

5   not certain -- I'm just not certain of the procedural

6   activity of that, of how that happens.  But we would

7   not object, so long as -- and this was conveyed to Mr.

8   Parcells yesterday -- it had no effect on the Debtor,

9   it had no effect on the estate and no further effect on

10   any other creditor who would be -- you know, who is

11   part of the obvious bankruptcy case.  And if that's the

12   case, we don't -- you know, we would not object and

13   would not stand in the way.  But I don't know if a

14   stipulation is the appropriate procedure and we haven't

15   actually walked through that yet.

16       THE COURT:  All right.  Well, it doesn't

17   sound like then we have final terms, if we don't have

18   that pinned down.  Again, Mr. Kracht, could you again

19   repeat exactly what you're asking the Debtor to agree

20   to?

21       MR. KRACHT:  We just want to make sure that

22   if we're going to be proceeding against the parents and

23   seeking a reinstatement of the award and the judgment,

24   I guess, that was supposedly rendered on that, that

25   we're not going to run afoul of -- we just have a clear

9

1  stipulation we wouldn't run afoul of any injunction

2  that's been imposed by virtue of the plan being

3  confirmed, just so we don't have to reissue -- revisit

4  the issues that happened earlier in this case.

5          THE COURT:  Right.  Now, I guess --

6          MR. KRACHT:  How we do that -- it's a matter

7  of how we do that is just a matter of how we can, you

8  know, draft language and see if we can reach that

9  understanding.  I don't think it's a true condition.

10  It's sort of a -- something that we would like to see

11  if we can put together as a part of the deal.

12          THE COURT:  Understood.  Now, the Court's

13  ruling rendered that arbitration award and the judgment

14  confirming it void ab initio.  So again I guess I don't

15  have any problem if the parties agree that it won't

16  violate either the plan discharge provisions or the

17  automatic stay to go back to the Court in California

18  and seek to reinstate that judgment.  Whether that

19  attempt is successful or unsuccessful, I guess will be

20  -- depend upon what the Court in California does.

21          Is that what you're asking, simply just sort

22  of some dispensation from the Debtor and this Court

23  that in making that attempt, RFF won't be deemed to be

24  violating either the plan's discharge provisions or the

25  fact that since property didn't revest in the Debtor on

DocuSign Envelope ID: 7C4FE43B104F54F4A-9005-571A18028EAF
Case 2:14-bk-57104   Doc 1002   Filed 07/19/18   Entered 07/19/18 08:30:24   Desc
Main Document     Page 10 of 23

10

1   confirmation, the automatic stay?  I don't have any

2   problem with that.  Are you asking for something in

3   addition to that, Mr. Kracht?

4          MR. KRACHT:  That's conceptually what we were

5   looking for.  I don't know -- excuse me, but I don't

6   know enough about what needs to be done in California

7   to reinstate and whether that would be -- you know, we

8   need anything of that nature, a vacation of the Court's

9   prior award, I don't know and I'm not asking for that,

10  but it was just the uncertainty of not knowing what we

11  need to do out there.

12         THE COURT:  See, that's why I really want to

13  pin that down today, because I'm not sure whether the

14  Court out there will allow you to reinstate it after

15  it's been determined to be null and void by this

16  Court's order.  If they do, that's up to that Court and

17  this Court has no objection to that.  But I don't want

18  that to be -- I wanted it to be clear on the record

19  that that's not a condition to this deal.

20         I understand a condition to this deal being

21  that the Reorganized Debtor agree that in seeking to do

22  that, RFF won't be in violation of either the automatic

23  stay or the plan's discharge provisions.  But if this

24  deal is dependent upon that Court doing that, I think

25  we need to flesh that out right now.

DocuSign Envelope ID: 7C4FE43B-D4F9-4F7A-9005-571A1828BEAF

11

1          MR. KRACHT:  Yeah.  Dayton, what do you

2    think?  I don't think it's going to be a condition --

3          MR. PARCELLS:  I don't have any concern about

4    the California Court.  What I would like to get from

5    this Court, if we can, is some type of a ruling or a

6    stipulation that the determination that the prior

7    judgment is null and void is vacated.

8          THE COURT:  No, I'm not going to do that.

9    I'm not going to vacate a prior judgment of this Court,

10   period.  So if the parties want to, again, have either

11   a stipulation or an agreed order from this Court

12   finding that seeking to reinstate the judgment out

13   there won't violate either the stay or the plan's

14   discharge provisions, fine.  But I'm not going to be in

15   the business of vacating a judgment that this Court

16   issued after multiple days of trial.

17         MR. KRACHT:  I'm okay with that type of

18   stipulation, Your Honor.

19         THE COURT:  All right, very well.

20         MR. KRACHT:  Dayton, you okay?

21         MR. PARCELLS:  Yeah.  I don't know the

22   specific manner of doing it, but that sounds fine to

23   me.

24         MR. KRACHT:  Okay.

25         THE COURT:  So Mr. Kracht, just for the

DocuSign Envelope ID: 7C4FF43B-24F5-4F5A-9005-571A0B28EAF
Case 2:14-bk-57104   Doc 1002   Filed 07/19/18   Entered 07/19/18 08:30:24   Desc
Main Document     Page 12 of 23

12

1    record, would you recite back exactly what you're

2    asking the Debtor in this Court to do, and then I want

3    to hear both from -- I want to hear from Mr. Kessler

4    and Mr. DeMarco, and we'll let you know whether that's

5    advisable or whether that's acceptable, rather.

6         MR. KRACHT:  Okay.  That by seeking to

7    reinstate the arbitration and/or the judgment that was

8    previously rendered in California against the parents,

9    that would not operate as a violation of the automatic

10   stay or injunction entered upon confirmation of the

11   plan.

12        THE COURT:  All right.  And Mr. Parcells,

13   will you confirm that that's all RFF is seeking here as

14   a condition?

15        MR. PARCELLS:  Yes.

16        THE COURT:  Pardon me?

17        MR. PARCELLS:  Yes.

18        THE COURT:  All right.  Mr. Kessler, Mr.

19   DeMarco, then is that acceptable to Mr. Johnson?

20        MR. KESSLER:  Yes, Your Honor, and let me

21   just be clear.  I thought I heard Mr. Kracht say that,

22   you know, that is not a condition of settlement, but it

23   is one that we would not have an issue with, subject to

24   -- I just want to be clear, as the Court is well aware,

25   the Trustee has brought a claim against the parents.

DocuSign Envelope ID: 7C4FE43B124F54F1A-9005-571A18P8EAF
Case 2:14-bk-57104   Doc 1002   Filed 07/19/18   Entered 07/19/18 08:30:24   Desc
Main Document      Page 13 of 23

13

1   And I just want to make absolutely certain that, you

2   know, any such stipulation would include such language,

3   such that it cannot have any effect, you know, adverse

4   effect, on the current creditors, the Trustee, and

5   certainly, you know, the Debtor in the case, Your

6   Honor.  That's all I'm saying.  I just want to make

7   sure we're crossing our T's and dotting our I's as it

8   respects to protecting everybody's rights there.

9        THE COURT:  So again, then would you state

10  for the record exactly what you would be asking RFF to

11  agree to with respect to this stipulation proceeding in

12  California to seek to vacate the arbitration award and

13  the judgment confirming it wouldn't prejudice either

14  the Debtor or the Trustee's rights?  Could you be a

15  little more clear in terms of exactly what you're

16  asking RFF to agree to?

17       MR. KESSLER:  Sure.  And I appreciate that,

18  Your Honor, and I'm sorry to be so difficult.  It's --

19  you know, we're talking such just general terms.  It's

20  difficult.  So what I am envisioning, counsel, is that

21  you know, we would agree to, you know, so long as it

22  doesn't adversely affect the -- you know, the plan, the

23  Debtor, the creditors, or I don't know, Dan, that you

24  may be able to help me, but I just want to make sure,

25  Judge, that we're not -- we're not addressing this

14

1  issue and then have the creditor say well, you gave

2  them a preferred step up on a lawsuit that we've

3  already initiated, and put their -- I'm just trying to

4  think of, you know, roadblocks.  But from the Debtor's

5  perspective, as long as everybody is, you know,

6  protected and we wouldn't stand in their way of the

7  order or the -- their ability to resurrect that

8  arbitration award in California.  And I know that was

9  kind of convoluted.

10        THE COURT:  Well, wouldn't it make more sense

11  for you, rather than you trying to carry the creditors'

12  water or the Trustee's water, to just let me know what

13  Mr. Johnson is agreeable to.  This will have to be

14  subject to a 9019 motion, I take it.  Mr. Terlecky and

15  the creditors will be free to object if they find the

16  terms problematic.  Wouldn't that be a more efficient

17  way to deal with this?

18        MR. KESSLER:  Judge, that's the perfect way

19  to deal with it, so I appreciate your assistance on

20  that.  So with that understanding, we would have no

21  objection to not objecting or standing in the way of

22  the -- of resurrecting is the word I guess I would use,

23  the arbitration award that had been rendered against

24  the parents.

25        THE COURT:  Or at least the effort to do so.

15

1  Again, what the California Court does is up to the

2  California Court.

3          MR. KESSLER:  Correct.

4          THE COURT:  But you agree with Mr. Kracht's

5  proviso that the Debtor will agree, pursuant to the

6  settlement, that seeking to reinstate the judgment in

7  California will violate neither the automatic stay nor

8  the plan's injunction or discharge provisions?  I know

9  we don't have a discharge yet because the plan is not

10  completed and it's an individual case.  But won't run

11  afoul of the plan provisions or the automatic stay?

12          MR. KESSLER:  Yes.  And Dan DeMarco is on the

13  line with me, too.  Dan, is that fair?

14          MR. DeMARCO:  Yes, Your Honor, Dan DeMarco.

15  This reminds me of what we spent a lot of time at the

16  trial over, which was a proposed stipulation that I

17  believe it was Mr. Kessler sent to, at the time, Mr.

18  Levinson, which was then marked up and a redline was

19  sent back with additional caveats.  And it seems to me

20  that we're talking about a similar set of issues here

21  that Mr. Kessler and I have proposed some very clean

22  and clear language about what going forward in

23  California would mean to the bankruptcy and the Debtor

24  and his estate.  And I think that that language is

25  exactly what we're all talking about here right now

1    this afternoon, that that would have to be a part of

2    anything that RFF would want to do and with that the

3    Debtor would not stand in the way.  And as you point

4    out, Your Honor, that leaves for other parties or

5    courts in the state court system to do what they need

6    to do.

7          THE COURT:  Okay.  I'm still not sure we have

8    a meeting of the minds here.  Mr. Kracht, Mr. Parcells?

9          MR. KRACHT:  I think we have a meeting of the

10   minds.  I don't think we're going to be marking up

11   whatever that clause is in the agreement with a lot of

12   redlines that happened before.  This sort of led to a

13   lot of what occurred in this case.  So, you know, we

14   want to make it happen.  We want to make the matter go

15   away and resolve it on a global basis.

16         THE COURT:  All right.  So just again, I

17   don't want to belabor it, but I just want to make sure

18   I understand it.  So the Debtor will agree that by

19   seeking to reinstate the California judgment, that RFF

20   will neither be violating the automatic stay or the

21   plan's injunction provisions.  And that's really all

22   RFF is seeking here.  And, again, if any third party in

23   the case, be it the Trustee, Mr. Terlecky, under the

24   plan, or other parties-in-interest would somehow take

25   the view that by seeking to reinstate the judgment in

17

1   California, that would somehow prejudice their

2   interest, they'll have the right to make that argument

3   in response to the 9019 motion.  Is that what I'm

4   hearing the parties have agreed to?

5           MR. KRACHT:  This is Bob Kracht, and that's

6   what I believe, yes.

7           THE COURT:  Mr. Kessler --

8           MR. DeMARCO:  This is Dan DeMarco and I

9   agree, Your Honor.

10          THE COURT:  All right.  All right.  Well, the

11  Court welcomes this development.  What time frame are

12  we talking about in terms of getting a motion on file?

13  Reciting these terms --

14          MR. KESSLER:  This is Marc Kessler.  Yeah, it

15  wasn't silence because we didn't know.  We would like

16  to have a motion to the Court next -- by the end of

17  next week.

18          THE COURT:  That's fine.  So we will put on a

19  proceeding memorandum indicating that the parties have

20  advised the Court that this matter has been resolved

21  and we have a global settlement of all disputed matters

22  between the Reorganized Debtor and RFF and that a

23  motion approving the global settlement will be filed no

24  later than Friday, May 18.  Anything further, counsel?

25          MR. KESSLER:  Not on behalf of the Debtor,

LEGAL ELECTRONIC RECORDING, INC.  216-881-8000

18

1  Your Honor.  Thank you for your time today and, as I

2  said, the Court's assistance.

3          THE COURT:  All right.  Mr. Kracht, Mr.

4  Parcells, anything further?

5          MR. KRACHT:  I have nothing further, Your

6  Honor, and we thank you for your assistance, as well.

7          THE COURT:  All right.  Thank you all.  I'm

8  sorry, Mr. DeMarco, did you have something?

9          MR. DeMARCO:  No, Your Honor.  Thank you.

10          THE COURT:  Okay, I'm sorry.  I thought I

11  heard you say something.  All right, thank you all.  We

12  will look for that motion by the end of the week, next

13  week.  I appreciate your collective efforts to get this

14  matter resolved consensually.  And we will adjourn for

15  the balance of the day.  Thank you.

16          (End of proceedings at 3:29 p.m.)

17

18

19

20

21

22

23

24

25

DocuSign Envelope ID: 7C4FF43B-04F5-4F5A-9005-571A18D28EAF
Case 2:14-bk-57104   Doc 1002   Filed 07/19/18   Entered 07/19/18 08:30:24   Desc
Main Document     Page 19 of 23

19

1    State of Ohio          )

2    Cuyahoga County         )

3

4

5

6                         CERTIFICATE

7

8

9        I, Marc Eppler, a Notary Public, within and for the

10   State of Ohio, do hereby certify that the above

11   transcript is a true and accurate record of the hearing

12   held before the HONORABLE JOHN E. HOFFMAN, JR.  This

13   record was prepared from an audio recording provided by

14   the Court.

15       IN WITNESS WHEREOF, I have hereunto set my hand and

16   seal of office in Cleveland, Ohio on this 18th day of

17   JULY, A.D., 2018.

18

19                              DocuSigned by:

20                        _____
                                 MARC EPPLER
21                          Notary Public - State of Ohio
                            my commission expires 9-14-2018
22

23

24

25

**$**
**$1,222,373.16** 4:14,19
**$522,373.16** 4:23
**$91,000** 5:5

**1**
**10** 1:5
**11** 5:11
**14-57104** 1:4 2:22
**18** 17:24
**18G5096** 1:25
**18th** 19:16

**2**
**2018** 1:5 19:17
**216** 1:23

**3**
**3:05** 2:1
**3:29** 18:16
**3376** 1:23

**4**
**44103** 1:22

**5**
**5230** 1:22

**8**
**881-8000** 1:23
**881-DEPO** 1:23

**9**
**9019** 14:14 17:3
**9-14-2018** 19:21

**A**
**A.D** 19:17
**ab** 9:14
**ability** 14:7
**able** 13:24
**absolutely** 13:1
**acceptable** 12:5,19
**accordingly** 6:8
**accurate** 19:11
**accurately** 7:5

**acknowledgment** 4:2
**activity** 8:6
**actually** 6:17 8:15
**addition** 10:3
**additional** 7:10 15:19
**addressing** 13:25
**adjourn** 18:14
**adversary** 3:14,21 4:14,19 5:10
**adverse** 13:3
**adversely** 13:22
**advisable** 12:5
**advised** 3:24 17:20
**advising** 3:11
**affect** 13:22
**afoul** 8:25 9:1 15:11
**afternoon** 2:14,15,17 16:1
**against** 5:17,23 6:19 7:14 8:4,22 12:8,25 14:23
**agreeable** 14:13
**agreed** 5:20 6:4,12 7:9,24 11:11 17:4
**agreed-upon** 4:12
**agreement** 5:21,24 16:11
**alleged** 3:4
**allow** 10:14
**already** 14:3
**am** 13:20
**amount** 6:18,19,21
**and/or** 6:5 12:7
**answer** 6:4
**anybody** 2:7
**anyone** 2:15
**anything** 5:18 6:9 10:8 16:2 17:24 18:4
**appeal** 3:1 4:24
**APPEARANCES** 1:10

**appearing** 2:16,19
**appreciate** 13:17 14:19 18:13
**appreciated** 3:9
**appropriate** 8:14
**approving** 17:23
**arbitration** 7:14 8:4 9:13 12:7 13:12 14:8,23
**argument** 17:2
**articulated** 6:13
**aspect** 8:2
**asserting** 5:22
**assign** 5:2
**assist** 6:4
**assistance** 4:8 14:19 18:2,6
**attempt** 9:19,23
**audio** 19:13
**automatic** 3:4 9:17 10:1,22 12:9 15:7,11 16:20
**Avenue** 1:22
**award** 7:14 8:4,23 9:13 10:9 13:12 14:8,23
**aware** 12:24
**away** 16:15

**B**
**balance** 18:15
**bankruptcy** 1:1,9 3:21 8:11 15:23
**basic** 4:1
**basis** 16:15
**begin** 2:1
**behalf** 2:16 4:8 17:25
**belabor** 16:17
**believe** 5:4 6:12 15:17 17:6
**Bob** 17:5
**brings** 3:19
**brought** 12:25
**business** 11:15

**C**
**California** 9:17,20

**10:6** 11:4 12:8 13:12 14:8 15:1,2,7,23 16:19 17:1
**carry** 14:11
**case** 1:4 2:22 3:24 5:11,13 8:11,12 9:4 13:5 15:10 16:13,23
**cash** 4:13
**caveats** 15:19
**certain** 6:6 8:5 13:1
**certainly** 13:5
**CERTIFICATE** 19:6
**certify** 3:3 19:10
**Chapter** 5:11
**checking** 2:3
**checks** 6:24
**claim** 12:25
**claims** 5:9,17,22,25 7:14
**Clair** 1:22
**clarification** 7:8
**clarifying** 6:14
**clause** 16:11
**clean** 15:21
**clear** 5:14 8:25 10:18 12:21,24 13:15 15:22
**Cleveland** 1:22 19:16
**collective** 18:13
**COLUMBUS** 1:2
**commission** 19:21
**completed** 15:10
**concept** 6:3 7:12
**conceptually** 10:4
**concern** 11:3
**condition** 7:23 9:9 10:19,20 11:2 12:14,22
**conference** 2:25 3:5,6,13
**confirm** 6:16 12:13

**confirmation** 10:1 12:10
**confirmed** 9:3
**confirming** 9:14 13:13
**connection** 7:10
**consensually** 18:14
**contained** 5:21
**contempt** 4:23
**conversation** 6:25
**conveyed** 8:7
**convoluted** 14:9
**cooperate** 7:9,24
**cooperation** 7:25
**coordinate** 6:7
**Correct** 15:3
**counsel** 2:6 6:5 7:2 13:20 17:24
**County** 19:2
**court** 1:1 2:2,9,15,20,24 3:3,11,23,25 4:11,15,21,25 5:6,18 6:2,9,13,14 7:3,16,19 8:16 9:5,12,17,20,22 10:12,14,16,17,24 11:4,5,8,9,11,15,19,25 12:2,12,16,18,24 13:9 14:10,25 15:1,2,4 16:5,7,16 17:7,10,11,16,1 8,20 18:3,7,10 19:14
**courtesy** 4:7
**courtroom** 3:7
**courts** 16:5
**Court's** 4:7 9:12 10:8,16 18:2
**creditor** 8:10 14:1
**creditors** 13:4,23 14:11,15
**crossing** 13:7
**culminated** 5:13
**current** 13:4

Cuyahoga 19:2

---
**D**

Dan 13:23
  15:12,13,14
  17:8
DANIEL 1:12
day 18:15 19:16
days 11:16
Dayton 1:15 2:6
  11:1,20
deal 2:25 7:20
  9:11
  10:19,20,24
  14:17,19
Debtor 1:13 2:21
  4:9,12,22 5:2,8
  6:20 7:1,9,12
  8:8,19 9:22,25
  10:21 12:2
  13:5,14,23
  15:5,23 16:3,18
  17:22,25
Debtor's 3:2 7:1
  14:4
deemed 9:23
demarco 1:12 2:13
  15:14 17:8 18:9
DeMarco
  2:11,12,21 4:4
  12:4,19
  15:12,14 17:8
  18:8
depend 9:20
dependent 10:24
deputy 3:7
details 3:10
determination
  11:6
determined 10:15
development
  17:11
dial 2:11
different 6:17
difficult 13:18,20
diligently 3:17
discharge 9:16,24
  10:23 11:14
  15:8,9
discovery 6:6
  7:8,10

dispensation 9:22
disputed 17:21
DISTRICT 1:1
DIVISION 1:2
done 10:6
dotting 13:7
draft 9:8

---
**E**

earlier 9:4
EASTERN 1:2
effect 8:8,9 13:3,4
efficient 14:16
effort 14:25
efforts 18:13
either 7:4 9:16,24
  10:22 11:10,13
  13:13
electronic 1:21,24
else 2:7,16 5:18
entered 12:10
envisioning 13:20
Eppler 19:9,20
ESQ 1:12,14,15
estate 8:9 15:24
everybody 14:5
everybody's 13:8
everyone 2:4
exactly 8:19 12:1
  13:10,15 15:25
exclude 5:15
excuse 10:5
expires 19:21
extends 4:9

---
**F**

fact 8:4 9:25
facts 5:13
fair 15:13
Family 1:15 3:1
Fax 1:23
feels 5:25
Ferrari 5:4
file 8:1 17:12
filed 3:1 17:23

filing 5:23
final 8:17
finalized 6:23
finding 11:12
fine 11:14,22
  17:18
fine-tuned 7:11
first 3:11
flesh 10:25
forward 15:22
frame 17:11
frankly 8:2
free 14:15
Friday 17:24
fully 7:5
funds 6:18
furthered 7:1

---
**G**

general 5:8 13:19
getting 17:12
Given 3:23
global 3:25 7:6
  16:15 17:21,23
globally 3:13
guess 2:10 3:10
  8:24 9:5,14,19
  14:22

---
**H**

hand 19:15
happen 16:14
happened 9:4
  16:12
happens 8:6
happy 4:18 6:7
haven't 7:11 8:14
hear 2:6 12:3
heard 12:21 18:11
hearing 1:8 17:4
  19:11
held 5:3 19:12
help 13:24
hereby 19:10
hereunto 19:15
history 3:23

Hoffman 1:8 2:2
  19:12
Honor 2:7,13,18
  3:16 4:6,19
  5:5,20 6:4,11,23
  7:21 11:18
  12:20 13:6,18
  15:14 16:4 17:9
  18:1,6,9
HONORABLE 1:8
  19:12
hundred 4:17

---
**I**

I'd 4:2
II 5:16
III 1:5
I'll 4:18
I'm 2:7 3:9 4:15
  8:4,5 10:9,13
  11:8,9,14,17
  13:6,18 14:3
  16:7 17:3
  18:7,10
Immediately 3:6
imposed 9:2
Inc 1:21
include 13:2
included 7:8
including 5:9,24
indeed 4:3
indicating 17:19
individual 15:10
initiated 14:3
initio 9:14
injunction 9:1
  12:10 15:8
  16:21
interest 17:2
I's 13:7
issue 6:22 12:23
  14:1
issued 11:16
issues 5:12 6:6
  9:4 15:20
it's 2:18 3:16 4:19
  9:6,9,10 10:15
  11:2 13:18,19
  15:10

---
**J**

Jack 2:22
Job 1:25
John 1:5,8 2:2
  5:15 19:12
Johnson 1:5
  2:16,22 5:16
  12:19 14:13
Joseph 1:5 5:15
JR 1:8 19:12
Judge 1:9 13:25
  14:18
judgment 3:3,20
  4:23 6:18 8:23
  9:13,18
  11:7,9,12,15
  12:7 13:13 15:6
  16:19,25
JULY 19:17

---
**K**

Kessler 1:12
  2:18,21 3:16,17
  4:4,6,16,18,22
  5:1,7,19,20
  6:3,10,11,22
  7:4,20,21
  12:3,18,20
  13:17 14:18
  15:3,12,17,21
  17:7,14,25
Kracht 1:14
  2:5,9,23 6:15
  7:4,7,18 8:18,21
  9:6 10:3,4
  11:1,17,20,24,2
  5 12:6,21 16:8,9
  17:5 18:3,5
Kracht's 15:4
Kristina 5:16

---
**L**

language 9:8 13:2
  15:22,24
last 3:24
later 17:24
lawsuit 5:23 14:2
least 3:8 14:25
leaves 16:4
led 16:12
Legal 1:21

**Levinson** 15:18
**limited** 3:1 5:9,24
**line** 2:3,7 15:13
**little** 4:17 13:15
**long** 8:7 13:21
  14:5
**lot** 15:15 16:11,13
**Louis** 1:5 5:15
**LP** 1:15

**M**
**malpractice** 5:25
**manner** 11:22
**Marc** 1:12 2:18
  3:16 17:14
  19:9,20
**marked** 15:18
**marking** 16:10
**matter** 2:24 3:9,19
  4:3 9:6,7 16:14
  17:20 18:14
**matters** 3:12,20
  17:21
**may** 1:5 3:14 4:5
  5:12,17,25 6:5
  7:10 13:24
  17:24
**mean** 15:23
**meeting** 16:8,9
**memorandum**
  17:19
**million** 4:17
**minds** 16:8,10
**monies** 5:3
**motion** 2:25 3:2
  8:1 14:14
  17:3,12,16,23
  18:12
**multiple** 11:16
**mutual** 5:7
**myself** 2:8

**N**
**nature** 10:8
**neither** 15:7 16:20
**net** 6:21
**non-party** 5:23
**nor** 15:7

**Notary** 19:9,21
**nothing** 5:21 18:5
**null** 10:15 11:7

**O**
**object** 8:7,12
  14:15
**objecting** 14:21
**objection** 10:17
  14:21
**obvious** 8:11
**occurred** 16:13
**office** 19:16
**Ohio** 1:1,22
  19:1,10,16,21
**okay** 2:9
  11:17,20,24
  12:6 16:7 18:10
**omitted** 7:16
**one-time** 4:13
**operate** 12:9
**opportunity** 7:22
**order** 10:16 11:11
  14:7

**P**
**p.m** 2:1 18:16
**Parcells** 1:15
  2:6,10,23 6:15
  7:1,4 8:8
  11:3,21
  12:12,15,17
  16:8 18:4
**Pardon** 12:16
**parents** 5:15 7:15
  8:4,22 12:8,25
  14:24
**parties** 2:3
  3:7,17,25 4:1,9
  5:12 6:16 7:6
  9:15 11:10 16:4
  17:4,19
**parties-in-interest**
  16:24
**Partnership** 1:15
  3:1,2
**party** 16:22
**past** 6:7
**pay** 4:13,22 6:20
**paying** 6:21

**payment** 4:13
**pending** 2:25
  3:1,13
**perfect** 14:18
**period** 11:10
**perspective** 14:5
**pin** 10:13
**pinned** 8:18
**plan** 5:11 9:2,16
  12:11 13:22
  15:9,11 16:24
**plan's** 9:24 10:23
  11:13 15:8
  16:21
**point** 16:3
**precise** 4:16
**preclude** 5:22
**preferred** 14:2
**prejudice** 13:13
  17:1
**prepared** 19:13
**previously** 3:24
  12:8
**prior** 3:6 10:9
  11:6,9
**problem** 9:15 10:2
**problematic** 14:16
**procedural** 8:2,5
**procedure** 8:14
**proceed** 3:14 4:5
**proceeding** 1:24
  3:14,21 4:14,20
  5:10 6:1 8:22
  13:11 17:19
**proceedings** 2:1
  7:11 18:16
**produced** 1:24
**property** 9:25
**proposed**
  15:16,21
**protected** 14:6
**protecting** 13:8
**provided** 19:13
**provisions**
  9:16,24 10:23
  11:14 15:8,11
  16:21
**proviso** 15:5

**Public** 19:9,21
**purpose** 3:5
**pursuant** 15:5
**pursue** 5:17

**Q**
**question** 6:15
**questions** 6:4

**R**
**rather** 12:5 14:11
**RE** 1:4
**reach** 9:8
**reactivate** 8:3
**really** 3:9 10:12
  16:21
**received** 3:7
**recite** 4:1 12:1
**recited** 4:4
**Reciting** 17:13
**record** 4:2 10:18
  12:1 13:10
  19:11,13
**recorded** 1:24
**recording** 1:21,24
  19:13
**redline** 15:18
**redlines** 16:12
**referring** 7:25
**reinstate** 9:18
  10:7,14 11:12
  12:7 15:6
  16:19,25
**reinstatement**
  7:13 8:23
**reissue** 9:3
**related** 5:10
**relating** 3:20 6:5
**relative** 7:14
**release** 5:22
**releases** 5:8,14
**relief** 7:13
**reminds** 15:15
**rendered** 3:3 8:24
  9:13 12:8 14:23
**Reorganized** 1:13
  2:21 3:2 10:21

  17:22
**repeat** 8:19
**report** 4:11
**require** 7:10
**resolution**
  3:18,20,25 4:12
  5:2
**resolve** 4:14,19,23
  16:15
**resolved** 17:20
  18:14
**respect** 13:11
**respects** 13:8
**response** 17:3
**resurrect** 14:7
**resurrecting**
  14:22
**revest** 9:25
**revisit** 9:3
**RFF** 1:15 2:23
  3:1,4,22 4:13,22
  5:1,3,8,22
  6:5,7,19,20 7:12
  8:1 9:23 10:22
  12:13 13:10,16
  16:2,19,22
  17:22
**RFF's** 5:16 7:14
**rights** 5:3 13:8,14
**roadblocks** 14:4
**Robert** 1:14 2:5
**ruling** 9:13 11:5
**run** 8:25 9:1 15:10

**S**
**sale** 5:4
**seal** 19:16
**seek** 9:18 13:12
**seeking** 8:23
  10:21 11:12
  12:6,13 15:6
  16:19,22,25
**seems** 15:19
**sense** 14:10
**sent** 15:17,19
**service** 1:24
**setoff** 6:24
**settled** 4:3

**settlement** 3:8,18
5:9,21 7:6,24
12:22 15:6
17:21,23

**sides** 4:3

**silence** 17:15

**similar** 15:20

**simply** 9:21

**slowly** 4:17

**somehow** 16:24
17:1

**sorry** 4:15 13:18
18:8,10

**sort** 9:10,21 16:12

**sound** 1:24 8:17

**sounds** 11:22

**SOUTHERN** 1:1

**speak** 3:11 7:22

**speaking** 2:8

**specific** 11:22

**specifically** 5:14

**spent** 15:15

**spoke** 7:21

**St** 1:22

**staff** 4:10

**stand** 3:12 8:13
14:6 16:3

**standing** 14:21

**state** 7:5 13:9 16:5
19:1,10,21

**STATES** 1:1,9

**status** 2:24 3:13

**stay** 2:25 3:4 5:11
7:13 9:17
10:1,23 11:13
12:10 15:7,11
16:20

**step** 14:2

**stipulate** 7:13

**stipulation** 8:14
9:1 11:6,11,18
13:2,11 15:16

**subject** 12:23
14:14

**successful** 9:19

**summer** 3:24

**supposedly** 8:24

**sure** 3:9,16 4:6,18

8:21 10:13
13:7,17,24
16:7,17

**system** 16:5

— T —

**talking** 13:19
15:20,25 17:12

**telephonically**
2:16

**Terlecky** 14:14
16:23

**term** 7:7,17

**terms** 4:1,4 6:12
7:5 8:17
13:15,19 14:16
17:12,13

**thank** 2:9 4:6 7:3
18:1,6,7,9,11,15

**Thanks** 5:6

**that's** 6:16,22 7:8
8:11 9:2
10:4,12,16,19
12:4,5,13 13:6
14:18 16:21
17:5,18

**There's** 7:7

**they'll** 17:2

**third** 16:22

**today** 3:13,19 7:22
10:13 18:1

**today's** 3:5

**total** 4:13

**Transcribed** 1:20

**transcript** 1:8,24
19:11

**transcription** 1:24

**transfers** 6:18

**trial** 11:16 15:16

**true** 9:9 19:11

**trust** 5:4

**Trustee** 12:25
13:4 16:23

**Trustee's** 13:14
14:12

**trying** 14:3,11

**T's** 13:7

**turn** 3:10

**type** 6:6 11:5,17

— U —

**uncertainty** 10:10

**understand** 7:23
10:20 16:18

**understanding**
6:16 7:20 9:9
14:20

**Understood** 6:2
9:12

**UNITED** 1:1,9

**unsuccessful**
9:19

**upon** 5:8 9:20
10:24 12:10

— V —

**vacate** 11:9 13:12

**vacated** 11:7

**vacating** 11:15

**vacation** 10:8

**Vickers** 3:8

**view** 16:25

**violate** 9:16 11:13
15:7

**violating** 9:24
16:20

**violation** 3:4 5:11
10:22 12:9

**virtue** 9:2

**void** 9:14 10:15
11:7

— W —

**waiting** 2:10

**walked** 8:15

**wasn't** 17:15

**water** 14:12

**week** 17:17
18:12,13

**welcomes** 17:11

**we'll** 12:4

**we're** 2:10 6:7
8:22,25
13:7,19,25
15:20,25 16:10

**we've** 6:4,6 14:2

**whatever** 16:11

**whereby** 8:1

**WHEREOF** 19:15

**whether** 6:24 9:18
10:7,13 12:4,5

**whoever** 3:10,14

**wishes** 3:11,14

**WITNESS** 19:15

**work** 6:7

**worked** 3:17

— Y —

**yesterday** 8:8

**yet** 6:23 7:22 8:15
15:9